## Allburn Coal Corporation, et al. v. Wilson

(Decided January 27, 1928.)

### Appeal from Pike Circuit Court.

1. Master and Servant.—The Workmen's Compensation Board's refusal to reopen a case under Ky. Stats., sec. 4902, after an award had been awarded for the death of an employee, held error, where, in petition to reopen, the employer and insurance carrier had alleged a discovery of the fact that employee had not been killed accidentally but had been murdered.

2. Master and Servant.—In determining whether an employer and insurance carrier are entitled to have a case under the Workmen's Compensation Act reopened under Ky. Stats., sec. 4902, after an award has been granted, on the ground of fraud or mistake in the granting of such award, statements in their motion therefor must, for the purpose of reopening case, be taken as true.

HARMAN, FRANCIS & HOBSON for appellants.

FRANK P. DAMRON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The Allburn Coal Corporation and its insurance carrier, Maryland Casualty Company, sought to reopen a case pending before the Workmen's Compensation Board. The board declined to reopen the case. From

that action they sought a review by the circuit court, but obtained no relief, and they have appealed to this court. On January 18, 1925, the mutilated bodies of two men were found in the mine of the Allburn Coal Corporaion. One of the bodies was identified as the body of Henry Wilson; the other as the body of W. H. Turner. On February 6, 1925, the coal company and its insurance carrier, with approval of the board, entered into an agreement with Rhoda Catherine Wilson, the widow of Henry Wilson, to pay her compensation at the rate of $12 per week for 335 weeks. It has since developed that W. H. Turner was not killed, and he and others have been indicted for the murder of Wilson and the unknown man whose body, then identified as Turner's, was found with Wilson's body. Turner has been tried, convicted, and is now in the penitentiary serving a life sentence for his connection with this crime. One Joe Jack, Jr., an alleged confederate of Turner, was also convicted, and a very good statement of the facts in the case before us will be found in the case of Jack v. Com:, 220 Ky. 640, 295 S. W. 983.

On October 16, 1926, the coal company and its insurance carrier filed with the Workmen's Compensation Board a very elaborate motion to reopen this case, the essential part of which is an allegation that Henry Wilson was not accidently killed in this mine, but was willfully murdered, and the award was agreed to through fraud or mistake. The board should have given them the relief sought, as they were entitled to it under section 4902, Ky. Stats. In determining whether or not they were entitled to this relief, the statements contained in their motion therefor must be taken as true, and they directly allege that Wilson was murdered, and, if he was murdered, then his death did not result from an accident arising out of and in the course of his employment. Cases from this state that will throw light upon this subject are Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524; Hazelwood v. Standard San. Mfg. Co., 208 Ky. 618, 271 S. W. 687; Palmer v. Main, 209 Ky. 226, 272 S. W. 736; Harlan Gas Coal Co. v. Trail, 213 Ky. 226, 280 S. W. 954. Other illuminating authorities are City of Chicago v. Industrial Commission, 292 Ill. 406, 127 N. E. 49, 15 A. L. R. 586; State v. Dist. Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579; also cases collected in the notes published in 15 A. L. R. 594; L. R. A. 1918E, 498; 29 A. L. R. 438; 28 R. C. L. 810.

We of course are not to be understood as expressing any opinion upon the merits of this case further than to say that these parties had a right to have this case reopened, and to offer such evidence as they could that this man was murdered, and that, if that was shown to be the case, then this man was not killed by an accident arising out of and in the course of his employment, and they would then be entitled to have the agreement for compensation set aside, and the claim of the widow,, Rhoda Catherine Wilson, for compensation, dismissed.

The judgment of the Pike circuit court denying them that relief is reversed, and the Workmen's Compensation Board is directed to reopen the case.