(No. 18776.—

E. A. SPILLER, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROBERT MILLER, Defendant in Error.)

*Opinion filed October 25, 1928.*

WILLIAM W. HART, for plaintiff in error.

ROY C. MARTIN, and A. C. LEWIS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Jackson county confirmed the award of the Industrial Commission on the claim of defendant in error, Robert Miller, for injuries received in the course of his employment as a mechanic in the garage of plaintiff in error at Carbondale on September 8, 1925. The circumstances surrounding the injury are not in dispute, nor is it disputed that the plaintiff in error and Miller are under the Workmen's Compensation act and that the injury occurred while Miller was employed by the plaintiff in error. The questions in dispute are whether the accident arose out of the employment and the nature and extent of the disability.

On the day of the injury, and prior thereto, the plaintiff in error owned and operated a garage in the city of Carbondale and engaged in the business of repairing automobiles. The garage is located on a main street in the business portion of the city. Its doors open on the street. It is open to the public for the care and repair of cars. It consists of a building 75 feet in width by 150 feet long. In one corner at the front of the garage is an office about 18 by 20 feet in dimensions. The balance of the garage consists of one room, where the work of repairing cars is carried on. Miller was employed as a mechanic to repair cars. On September 8, 1925, in the late afternoon, while engaged in assembling an automobile as a part of his regular employment, Miller was struck in the elbow by a bullet fired from a pistol in the hands of one Wright, who had come into the front part of the garage. The evidence shows that the pistol was accidentally discharged; that Miller and Wright were friends and no business dealings or transactions were pending between them at the time; that earlier in the day Wright had brought his car to the garage to be repaired but that at one o'clock on that day, the repairs having been finished, he took the car away. There is some evidence that at the time of the accident Wright was

intoxicated. Miller was kept from his employment from the time of the injury until the first of December following, at which time he returned to his employment with the plaintiff in error and received the same daily wages, although the evidence shows that he now works ten hours a day whereas previous to the injury he received the same daily wage for eight hours' work.

The first question presented on the record is whether there is any liability under the Compensation act. The rule is that the claimant must prove not only that the injury occurred in the course of the employment but also that it arose out of the employment. (*Board of Education* v. *Industrial Com.* 321 Ill. 23; *Sparks Milling Co.* v. *Industrial Com.* 293 id. 350; *Edelweiss Gardens* v. *Industrial Com.* 290 id. 459.) It is not sufficient that the evidence show that the claimant was at the place of his employment at the time of the accident and doing his usual work. It must appear that the injury resulted from some risk of the employment. (*Gooch* v. *Industrial Com.* 322 Ill. 586; *Sure Pure Ice Co.* v. *Industrial Com.* 320 id. 332.) Defendant in error contends that the plaintiff in error is estopped to raise this question because at the time of the injury he ordered Miller taken to a physician and directed that he be cared for; that that was providing medical and surgical aid and was the payment of compensation, and therefore he is estopped to deny liability for compensation. Counsel cite in support of this argument, *Yellow Cab Co.* v. *Industrial Com.* 315 Ill. 235. In that case medical aid and hospital bills were paid by the employer, and the question arose whether the application for compensation, which was not filed for nearly two years after the accident, had been barred by section 24 of the Compensation act because no claim had been filed within six months after the injury or after the payment of compensation. It was held that furnishing medical aid and hospital services is to be regarded as payment of compensation under the act, and that since

no receipt for or statement of compensation paid had been filed with the commission, as then provided in the act, the limitation of six months had not run. In that case no question arose as to liability on the part of the employer for compensation. In *Goodman Manf. Co.* v. *Industrial Com.* 316 Ill. 394, *Jackson* v. *Industrial Com.* 302 id. 281, and *Central Car Works* v. *Industrial Com.* 290 id. 436, all of which have been cited in support of this contention of the defendant in error, the same rule was laid down on similar facts. In none of these cases was there any question of liability, but the question was whether the application for compensation had been filed within the time limited by the act.

Whether an accident arises out of the employment is a question of law under the facts of each case, and the question on this point is, assuming that an employer has become liable for medical services, is he by paying the same estopped from raising the question of liability for compensation? We are of the opinion that he is not. Where no liability exists the payment of medical services and hospital bills must be treated as a gratuity. The present case is somewhat like *Jones Foundry Co.* v. *Industrial Com.* 312 Ill. 27, and *Edelweiss Gardens* v. *Industrial Com. supra.* In the former of those cases an employee was killed by a lunatic who came into the office where the employee was working and began shooting at those present because he had been discharged by the company and had had a dispute as to the amount of wages due him. It was held that the death of the employee was not the result of an accident arising out of his employment. In *Edelweiss Gardens* v. *Industrial Com. supra,* one employee was injured in a fight with another employee, from which injuries he died. The evidence did not show that the altercation had any connection with the employment, and it was held that the injury did not arise out of the employment although it arose in the course thereof. There must be some causal relation

between the employment and the injury. It is not sufficient to show that the injured person was at his regular place of employment and about his regular business and that he was there because of his employment, but it must be shown, in addition, that the injury itself was the result of some risk of the employment,—must be incidental to the nature of the employment. If sustained by reason of some cause having no relation to the employment it cannot be said to arise out of the employment. (*Gooch* v. *Industrial Com. supra; Lumaghi Coal Co.* v. *Industrial Com.* 318 Ill. 151; *Boorde* v. *Industrial Com.* 310 id. 62; *Jersey Ice Cream Co.* v. *Industrial Com.* 309 id. 187.) In *Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96, it was held that an assault on an employee who is engaged in the discharge of his duties arises out of his employment only in those cases where the duties of the employee are such as are likely to cause him to have to deal with persons who in the nature of things are liable to attack him. In *Gooch* v. *Industrial Com. supra,* an employee, while crossing a sidewalk to inquire whether ice was wanted at a residence, was struck in the eye by a fire-cracker exploded by a child in celebrating the Fourth of July. It was there held that the injury did not arise out of the employment, as it was not the result of a risk incidental to the employment nor of a risk that was peculiar to the street on which the employee had to travel in the discharge of his duties.

The facts do not bring this case within the rules just stated. There was no quarrel between Miller and Wright. No question of the conduct of the business of Miller's employer arose, nor is there any evidence that Miller was engaged in an employment where persons were liable to attack him or shoot him. He was no more liable to attack or assault by a drunken person than he would have been had he been engaged in any other business. No different class of persons are shown to frequent garages, or this garage, than those who frequent hotels, banks, office build-

ings or other public places. There is no evidence that Wright was known to plaintiff in error as one addicted to drink or that he was quarrelsome, and no evidence that the injury arose from anything other than sheer accident. Unfortunate as was this accident, it was not one for which the employer is liable under the Compensation act. This being true, it does not become necessary to discuss the extent of the injury or the amount of the compensation.

The judgment of the circuit court is reversed.

*Judgment reversed.*