## Lexington Ry. System et al. v. True.

Jan. 20, 1939.

STOLL, MUIR, TOWNSEND & PARK, J. L. DAVIS and HUBERT MEREDITH for appellants.

A. A. BABLITZ for appellee.

Opinion of the Court by Judge Fulton—Reversing.

The sole question in this case is whether or not the injury for which compensation is claimed arose out of the employment of the claimant's deceased husband, Charles G. True. He was employed by the Lexington Railway System as a motorman and, while operating a street car about 11:30 P. M. on July 4, 1936, along South Broadway in Lexington, was struck by a bullet from a 22-caliber rifle and killed. This bullet was fired by a boy who found the rifle and was wandering around firing

at different objects in the manner of the ordinary boy with a rifle. At a point about 50 or 60 feet from Broadway he saw a bird on a fence on the other side of the street and shot at it. This is the shot that struck the deceased, inflicting the injuries which resulted in his death. Claim was made for compensation by the appellee and denied by the Compensation Board, which made a finding of fact: "That the injury from which plaintiff's decedent died did not arise out of employment." On review of this finding in the Fayette Circuit Court, that Court determined that appellee was entitled to compensation and so adjudged. This appeal is from that judgment.

That part of the Compensation Act applicable to this controversy is contained in section 4880 of the Kentucky Statutes and reads as follows:

"It shall affect the liability of the employers subject thereto to their employees for a personal injury sustained by the employee by accident arising out of and in the course of his employment, or for death resulting from such accidental injury * * *."

To be within the Compensation Act by virtue of this provision, the accident must be one "arising out of his employment" and must have had its origin in some risk of the employment. There must be a causal relation between the employment and the accident. It is not enough that the injured person was at the place of the accident because of his employment unless the injury is the result of some risk peculiar to the employment. The injury must be incidental to the nature of the employment. If the injury occurred by reason of some cause having no relation to the employment, it cannot be said to "arise out of the employment." January-Wood Company v. Schumacher, 231 Ky. 705, 22 S. W. (2d) 117; Nugent Sand Company v. Hargesheimer, 254 Ky. 358, 71 S. W. (2d) 647; Bluegrass Pastureland Dairies v. Meeker et al., 268 Ky. 722, 105 S. W. (2d) 611; Meems Haskins Coal Company et al. v. Jent, 269 Ky. 716, 108 S. W. (2d) 726, 727; In Re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; Spiller v. Industrial Commission, 331 Ill. 401, 163 N. E. 406, 60 A. L. R. 1397; Ira J. Mix Dairy Company v. Industrial Commission, 308 Ill. 549, 139 N. E. 926; Whitley v. North Carolina State Highway Commission, 201 N. C. 539, 160 S. E. 827; Auman v. Breckenridge Telephone

Company, 188 Minn. 256, 258, 246 N. W. 889; Scott v. Shinn, 171 Tenn. 478, 105 S. W. (2d) 103; Sure Pure Ice Company v. Industrial Commission, 320 Ill. 332, 150 N. E. 909.

The case of January-Wood Company v. Schumacher, supra, 22 S. W. (2d) 119, lays down the rule as, follows:

> "The fundamental principle of liability, it seems to us, is that the injury sustained was such as in the light of experience might reasonably have been foreseen as a result of the service and nature of duties performed (28 R. C. L. 786, 805), or the cause must have had its origin in a risk connected with the employment and the injury have flowed from that source as a rational consequence."

This case and the other Kentucky cases cited above review most of the Kentucky cases decided on this point, as well as many from other jurisdictions, and we think it unnecessary to do so again.

This court, along with many other courts, takes a liberal view of the Compensation Act in favor of the workman, as is evidenced by decisions with reference to accidents denominated as "risks of the street." When a workman is sent into the street on the employer's business, his employment necessarily involves exposure to the risks of the street and an accident sustained by the workman from such a cause is held to arise out of his employment. Many authorities lay down the broad rule that an accident does not arise out of the employment where it occurs on the street from causes to which all persons on the street are likewise exposed, but this court, along with many others, makes an exception in the case of messengers, collectors, draymen and others who, by reason of the fact that their duties require them to be continuously on the street, are subject to dangers peculiar to the street to a greater extent than the general public. Palmer v. Main, 209 Ky. 226, 272 S. W. 736; Ridenour v. Lewis et al., 121 Neb. 823, 238 N. W. 745, 80 A. L. R. 119; Greenberg v. Voit, 250 N. Y. 543, 166 N. E. 318.

However, although the injury is received on a street, by one whose duties require him to be constantly on the street, yet where it arises from some risk of a general nature not peculiar to the street and as likely

to occur anywhere else as on the street, it does not necessarily follow that the injury arose out of the employment.

In the case at bar the firing of the rifle by the boy had no connection whatever with the business of the deceased's employer and, in our opinion, it cannot be said that the risk attending the firing of a rifle by a boy is one peculiar to the street. There is no more likelihood that one would be injured on a city street in this manner than on private property. In fact, observation and experience teach us that there is less likelihood of one being injured on a city street from the aimless or careless firing of a rifle than there is of being so injured in the country. Practically all cities and towns have ordinances making it unlawful to discharge firearms therein, and, as a matter of common knowledge, we know that there is less discharging of firearms in cities than in the country under circumstances of the kind under which this rifle was fired. People in general, even small boys, aside from the fact that the discharge of firearms in a city or town is generally unlawful, realize the great danger attendant on shooting in cities and towns where the population is dense, and, as a rule, refrain from doing so.

As to certain types of discharging of firearms, it is readily seen that there is more likelihood of being struck by a bullet on a city street than in the country. For instance, there is more likelihood of an officer of the law having to discharge firearms on the street; there is more likelihood of being injured on a city street from discharge of firearms by gangsters or robbers in perpetrating a holdup; but we unhesitatingly say that there is less likelihood of ordinary persons and boys discharging a rifle aimlessly or at a bird in the city than there is in the country. The injury for which compensation is sought cannot therefore be said to fall within the class denominated as injuries suffered from risks peculiar to the street.

We are of the opinion that the injury received by the deceased in this case had no causal connection with the work that the deceased was performing; that it did not follow as a natural incident to the work and that it was an injury to which all other persons were equally exposed and to which the deceased was exposed equally apart from his employment. The causative danger was

450

common to the neighborhood and not peculiar to the work he was engaged in and was no more common to the place where his duties required him to be than it was to any other place. In fact, as we have pointed out, it was less likely to happen in the place where deceased's duties required him to be than it was at many other places. In no sense could this injury be said to have flowed or followed from his employment, or by reason of the place of his employment, as a rational consequence.

In view of the conclusions stated, it is apparent that the injury received by the deceased did not arise out of his employment and was therefore not compensable under the Compensation Act. The trial court was in error in adjudging it to be compensable. The judgment is reversed with directions to enter a judgment in accordance with this opinion.