## STAPLETON v. FORK JUNCTION COAL CO.

Court of Appeals of Kentucky.

March 21, 1952.

J. E. Childers, Pikeville, for appellant.

Sanders & Hyden, Pikeville, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment confirming an order of the Workmen's Compensation Board dismissing appellant's application for compensation. The decisive question in the case is whether or not appellant sustained an injury by accident that arose out of and in the course of his employment.

Appellant was employed by appellee as night watchman at its coal ramp located in a remote section of Pike County. Their employment relation was controlled by the Workmen's Compensation Act. KRS 342.-001 et seq. Sometime during the night of March 17, 1949, he was the victim of a brutal assault. He testified that after making a routine inspection of appellee's property he went to a room located under the coal tipple to warm his feet; that he lay down on the floor, but does not know whether or not he went to sleep. That is the last thing he can remember until he awoke in the hospital suffering from severe injuries. The evidence reveals that appel-

lant had been "bootlegging" on appellee's premises and had been associating with a woman "bootlegger" who lived nearby. However, there was no evidence introduced that appellant had been selling whiskey on the night he received his injuries.

Albert Coleman, appellant's landlord, testified that on the night of March 17th, he went to appellee's property and had a talk with appellant near 8:30 p. m.; that he returned home and at about 1:45 a. m. appellant came to his home covered with blood and appeared to have been severely beaten. He asked appellant who had assaulted him and all appellant would say was, "Praise the Lord." He further stated that at appellant's request he took appellant's wallet from his pocket and it contained $148; that he then took appellant to the hospital and later returned to appellee's premises and made an investigation in an effort to ascertain what had occurred; that he found blood on the floor and walls of the room where the assault had occurred, but so far as he could ascertain appellee's property was intact.

Perry Anderson, appellee's local manager, testified that his company was not involved in any labor controversy and that he was unable to advance a motive for the assault inasmuch as the company's property had not been disturbed. He stated that he visited appellant on several occasions while he was convalescent and upon one of these visits appellant told him that "when he got better and got over to West Virginia to the home of one of his sons, he would tell what happened."

The investigation conducted by the local law enforcement officials conclusively shows that robbery was not the motive for the assault.

That part of the compensation act applicable to this case is contained in KRS 342.-005, the pertinent part thereof reads: "It shall affect the liability of the employers subject thereto to their employes for a personal injury sustained by the employe by accident arising out of and in the course of his employment, * * *."

In determining the meaning to be given this section of the Act, this Court has held that the words "in the course of" have reference to the time, place and circumstances, while the words "arising out of" the employment relate to the cause or source of the accident; that the terms "out of" and "in the course of" are not synonymous and if either of these elements is absent, there can be no recovery. Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524; January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117; 28 R.C.L. section 91, p. 801.

Application of this section of the Act was made and discussed in the following cases: Harlan Collieries Co. v. Shell, Ky., 239 S. W.2d 923; Bluegrass Pastureland Dairies v. Meeker, 268 Ky. 722, 105 S.W.2d 611; Allburn Coal Corporation v. Wilson, 222 Ky. 740, 2 S.W.2d 365.

The burden of proof was upon appellant. Howard v. Dawkins Log & Mill Co., 284 Ky. 9, 143 S.W.2d 741; A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1; Schneider on Workmen's Compensation Law, Second Edition (1932) Volume 1, section 295. The fact that appellant was injured on appellee's premises does not ipso facto fasten liability on appellee. Draper v. Railway Accessories Co., 300 Ky. 597, 189 S.W.2d 934; Lexington Ry. System v. True, 276 Ky. 446, 124 S.W. 2d 467. Appellant must further show the cause or source of the accident. There was no evidence that appellant's injuries resulted from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to his employment. Therefore, we are of the opinion that the court did not err in affirming the order of the Workmen's Compensation Board denying compensation.

Judgment affirmed.