**Ulfert S. WILKE, Appellant,**

v.

**UNIVERSITY OF LOUISVILLE et al.,**
**Appellees.**

Court of Appeals of Kentucky.

May 8, 1959.

Rehearing Denied Oct. 23, 1959.

William B. Cohen, Louisville, for appellant.

Gavin H. Cochran (Peter, Heyburn & Marshall) Louisville, Jo M. Ferguson, Atty. Gen., for appellees.

BIRD, Judge.

Ulfert S. Wilke, a teacher of art at the University of Louisville, went to one of the school's studios to work. He took his dog along and upon entering the studio he left the dog outside. He completed his work in this studio and started to another. He was laden with various items of material used in his work. While so laden he called his dog. His dog responded by jumping on him and knocking him to the pavement. Wilke was injured and filed his claim for compensation before the Workmen's Compensation Board. The Board held that the accident by which Wilke was injured did not arise out of his employment and denied the claim. The Jefferson Circuit Court sustained the Board's finding and Wilke appeals from the judgment of that court.

■ The sole question to be determined on appeal is whether the accident was one arising out of Wilke's employment. In Stapleton v. Fork Junction Coal Co., Ky., 247 S.W.2d 372, 373 we stated the rule applicable to this case and we quote:

"That part of the compensation act applicable to this case is contained in KRS 342.005, the pertinent part thereof reads: 'It shall affect the liability of the employers subject thereto to their employes for a personal injury sustained by the employe by accident arising out of and in the course of his employment, * * *.'

"In determining the meaning to be given this section of the Act, this Court has held that the words 'in the course of' have reference to the time, place and circumstances, while the words 'arising out of' the employment relate to the cause or source of the accident; that the terms 'out of' and 'in the course of' are not synonymous and if either of these elements is absent, there can be no recovery. Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524; January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117; 28 R.C.L. section 91, p. 801.

"Application of this section of the Act was made and discussed in the following cases: Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923; Bluegrass Pastureland Dairies v. Meeker, 268 Ky. 722, 105 S.W.2d 611; Allburn Coal Corporation v. Wilson, 222 Ky. 740, 2 S.W.2d 365.

"The burden of proof was upon appellant. Howard v. Dawkins Log & Mill Co., 284 Ky. 9, 143 S.W.2d 741; A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1; Schneider on Workmen's Compensation Law, Second Edition (1932) Volume 1, section 295. The fact that appellant was injured on appellee's premises does not ipso facto fasten liability on appellee.

Draper v. Railway Accessories Co., 300 Ky. 597, 189 S.W.2d 934; Lexington Ry. System v. True, 276 Ky. 446, 124 S.W.2d 467. Appellant must further show the cause or source of the accident. There was no evidence that appellant's injuries resulted from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to his employment. Therefore, we are of the opinion that the court did not err in affirming the order of the Workmen's Compensation Board denying compensation."

The foregoing excerpt is a clear statement of the rule. Using it to measure Wilke's claim it is quite obvious that the accident did not arise out of his employment.

The judgment is therefore affirmed.