MASONIC WIDOWS AND ORPHANS
HOME et al., Appellants,

v.

Helen Jane LEWIS, Appellee.

Court of Appeals of Kentucky.

Dec. 11, 1959.

Frank A. Ropke, Boehl, Stopher, Graves & Deindoerfer, James M. Graves, Louisville, for appellants.

Benjamin Mazin, Louisville, for appellee.

STEWART, Judge.

This is an appeal from a ruling of the Jefferson Circuit Court that appellee, Helen Jane Lewis, is entitled to workmen's compensation benefits as a matter of law under the evidence presented.

The undisputed facts in this case are these: Appellee, a 48-year-old spinster, was employed by the Masonic Widows and Orphans Home, the primary appellant herein, as a housekeeper in its infirmary located at 3701 Frankfort Avenue in St. Matthews. She was paid $75 per month and, as a part of her compensation, was given room, board and laundry. She lived in a room in one of the dormitories of the institution, located at 3803 Washington Street in the same city. Her working hours were 7:00 a. m. to 3:00 p. m., except Monday and except every third Sunday when she was off duty. This schedule had never been changed or interrupted during her employment. Sunday, October 14, 1956, was appellee's day off. At 4:45 in the afternoon, while descending the stairs of the dormitory to go to the dining hall for supper, she caught her heel and fell, breaking her hip.

Appellant refused to honor appellee's claim for compensation. On application to the Workmen's Compensation Board, the referee held appellee was hurt in the course of her employment because she was "subject to call to duty" at the time of her accident, and that her impairment arose out of her employment because she was injured on her employer's premises. The Board on re-

view found "the plaintiff was off duty and was not performing any services for the defendant" at the time of the accident. It held appellee's injury was not compensable, it being insufficient to sustain recovery merely by showing that the mishap occurred on the employer's premises. The Board further concluded her duties did not require her presence on the premises at all times, that she had regularly-assigned working hours, and that her injury did not occur during these hours.

The lower court set aside the findings and the order of the Board dismissing the claim, and adjudged appellee was entitled to compensation. On this appeal, appellant urges reversal on the ground that appellee failed to prove her injuries arose out of her employment or that she was injured in the course of her employment.

■ The Workmen's Compensation Act, and in particular KRS 342.005(1) declaring that the employer is liable for a personal injury sustained by the employee by an accident "arising out of and in the course of his employment", imposes a double condition. In this connection, the language, "in the course of * * * employment", refers to the time, place, and circumstances of the accident, and the words, "arising out of * * * employment", relate to the cause or source of the accident. Thus the terms are not synonymous, and each must be established independently. Stapleton v. Fork Junction Coal Co., Ky., 247 S.W.2d 372. We shall consider the last quoted expression first.

■ As to the "arising out of * * * employment" portion of the relevant provision of law, the referee and also the trial court apparently concluded appellee's injury arose out of her employment because she was injured on her employer's premises. We believe that such a holding was patently erroneous.

In Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923, this Court held the phrase "arising out of" to refer to the source of the accident, with the result that there must be a causal connection between the accident and the employment. To state the same proposition differently, the accident must be work-connected. In January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117, 119, it was said, "The cause must have had its origin in a risk connected with the employment and the injury have flowed from that source as a rational consequence."

The work of appellee as housekeeper included waxing floors and cleaning window blinds, baseboards, and kitchen equipment. None of these duties were performed in the dormitory at which she resided and where she received her injury. She was simply going down stairs on her way to supper when she fell. It is obvious the fall sustained by appellee was not contributed to by any factor incident to, or in any wise connected with, her employment.

In determining whether the injury complained of occurred "in the course of * * employment", appellant suggests that this Court inquire into (1) the period of her work and (2) the place of her employment.

As to the period of her work, appellee's accident occurred on her Sunday off. She had been off duty for 24 hours and was not due to return to her labor until Tuesday morning, more than 39 hours later. The referee found, however, appellee was subject to call to duty and, therefore, she was injured in the course of her employment. Appellee herself admitted she had never been called on to work at any time except her regular shifts. The Board held her duties were not of such a nature as to require her presence at all times. The referee based his finding on Jefferson County Stone Co. v. Bettler, 304 Ky. 87, 199 S.W.2d 986, which allowed compensation for the death of a night watchman and general custodian who lived in a house next to his employer's place of business, on the employer's premises, and who was burned to death when his residence was destroyed by fire at 3:00 a. m. In that case, the employee was on duty 24 hours a day and his presence on the prem-

ises was necessary to fulfil the demands of his employment. Also, in that case, unlike the present one, the Board found as a fact that the employee's death arose out of and in the course of his employment. Here, the Board found that appellee was not performing any service for appellant at the time of the accident and was therefore not entitled to compensation.

As to appellee's place of employment, it is clearly established that she lived in a building apart from the location of her labors and performed no duties for appellant at her residence, namely, in the dormitory where she received her crippling mishap. As was brought out in Harlan Collieries Co. v. Shell, cited above, appellee had left the "immediate zone" of her employment, so that the cause of the accident had no connection with her employment, and the peril surrounding the cause of her accident was common to all persons. In the Shell case, the claimant when fatally hurt was riding to work over the employer's premises in a car along with other employees; in this case, appellee was hurt while descending the stairs at a place on the employer's premises that could be called her home. We believe the Shell case controls the case at bar.

Appellee, in her argument, styled herself as a domestic, who, although she received a salary and certain gratuities in the form of room and board, was living and working on the property of appellant. At the time of the accident, she maintains she was in the act of receiving part of her compensation by going to partake of one of her meals on the premises of appellant, her employer. She cites and relies upon the rule that where a domestic is injured while living and boarding on her employer's property, and especially when this latter service is part of the consideration of her employment, the injury is considered as arising out of and in the course of her employment, even though the domestic might not at the time actually be doing anything in connection with her duties. See 58 Am.Jur., Workmen's Compensation, sec. 229, pp. 736 and

737, and Martin v. Plaut, 293 N.Y. 617, 59 N.E.2d 429, 158 A.L.R. 603 et seq.

It is our view there is a clear distinction between household servants and other employees. A domestic is usually, if not always, subject to call around the clock, whereas an employee works set hours and no one may make demands upon his or her free time. In the case at bar appellee was not a member of her employer's household; on the contrary, she lived in quarters assigned to her and could do as she pleased in her spare time. Since she was completely off duty at the time of her accident and in no wise under the control of her employer, her injury did not occur in the course of her employment.

Wherefore, the judgment is reversed and the case is remanded with directions to confirm the order of the Board.