**Joy Lee CORKEN, Indiv. and Irvin Kelly Corken, an infant, etc., Appellants,**

**v.**

**CORKEN STEEL PRODUCTS, INC., and the Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

Rehearing Denied Feb. 12, 1965.

John J. O'Hara, O'Hara & Ruberg, Covington, for plaintiffs in error.

William E. Wehrman, Covington, for defendants in error.

PALMORE, Judge.

On the morning of November 13, 1961, Irvin Corken, Jr., a salesman employed by Corken Steel Products, Inc., was calling on customers in Campbell County. Between calls he stopped at a restaurant in Newport and had lunch. As he was in the act of getting back into his automobile, which was parked on the street near the restaurant, he was deliberately shot and killed by a stranger acting without provocation or discernible reason of any kind, evidently a madman. A workmen's compensation claim asserted by his dependent widow and child was denied in a 3–2 decision by the board. This appeal is from a judg-

ment of the Campbell Circuit Court affirming that action.

The basis for the board's denial of the claim was that Corken's death did not result from a hazard peculiar to the streets and therefore did not arise "out of" his employment. The authority for this position is Lexington Ry. System v. True, 276 Ky. 446, 124 S.W.2d 467 (1939), in which it was held that the death of a street car motorman from a stray bullet fired by a boy shooting at birds did not arise out of the employment.

The theory that an injury must be incidental, or the hazard peculiar, to the nature of the employment is fundamentally indistinguishable from the principle of proximate cause, or foreseeability. The True opinion, for example, equates causation with "likelihood." "But," as Larson asks, "what relevance has foreseeability if you are not interested in the culpability of the actor's conduct? There is nothing in the theory of compensation liability which cares whether the employer foresaw particular types of harm or not. The only criterion is connection in fact with the employment, whether it is foreseeable in advance, or apparent only in retrospect. This criterion cannot in any logical sense be made to depend on foreseeability." Larson, Workmen's Compensation, § 6.50, pp. 46–47.

■ We are persuaded that the True case is not sound. It is therefore overruled.[1] We accept the view that causal connection is sufficient if the exposure results from the employment. See Larson, Workmen's Compensation, § 10.12; Industrial Indemnity Co. v. Industrial Accident Comm., 95 Cal.App. 804, 214 P.2d 41 (1950); Gargiulo v. Gargiulo, 13 N.J. 8, 97

A.2d 593 (1953); In re Baran's Case, 336 Mass. 342, 145 N.E.2d 726 (1957).

■ Corken's employment was the reason for his presence at what turned out to be a place of danger, and except for his presence there he would not have been killed. Hence it is our opinion that his death arose out of the employment.

The judgment is reversed with directions that the cause be remanded to the Workmen's Compensation Board for entry of an order sustaining the claim and awarding compensation accordingly.

MONTGOMERY, Judge (dissenting).

I respectfully dissent because I feel that the doctrine of Lexington Railway System v. True, 276 Ky. 446, 124 S.W.2d 467, is sound and for the further reason that it is unwise to change it. It has been followed for many years in many cases; thus, the rule is well established. The majority opinion recognizes this in pointing out that many cases would have to be overruled.

The basis of the rule is set forth in Maddox v. Heaven Hill Distilleries, Inc., Ky., 329 S.W.2d 189, as follows:

"When we test the facts of the instant case by our definition of 'arising out of' we find that this injury did not result from a risk connected with Maddox' employment because all persons using public highways are exposed to the same hazard. It did not result from a danger peculiar to the distilling industry. * * *."

Some of the cases in which this rule has been thoroughly and exhaustively consid-

1. There have been a number of other cases expressing the principle that the injury must result from a risk peculiar to the work, but which might nonetheless have been decided the same way had the rule been otherwise. There have been still others in which it is question-

able whether the result would have been the same. We are of the opinion that the rule adopted in this case is sufficiently clear to obviate any necessity of scouring the record for the purpose of pinpointing specific opinions, other than True, to overrule.

ered are: Harlan Collieries Company v. Shell, Ky., 239 S.W.2d 923; Harlan-Wallins Coal Corporation v. Stewart, Ky., 275 S.W.2d 912; Wilke v. University of Louisville, Ky., 327 S.W.2d 739; City of Prestonsburg v. Gray, Ky., 341 S.W.2d 257.

In the latter case the Court said:

"'The phrase 'arising out of' refers to the cause of the accident; that is, there must be a causal relationship between the accident and the employment. Harlan Collieries [Collieries] Company v. Shell, Ky., 239 S.W.2d 923. The test seems to be whether the cause had its origin in a risk connected with the employment and the injury flowed from that source as a natural and rational consequence. Palmer v. Main, 209 Ky. 226, 272 S.W. 736; January-Wood Company v. Schumacher, 231 Ky. 705, 22 S.W.2d 117; Stasel v. American Radiator & Standard Sanitary Corporation, Ky., 278 S.W.2d 721; Masonic Widows and Orphans Home v. Lewis, Ky., 330 S.W.2d 103. The injury, in order to be compensable, must have been an incident of or have issued from the performance of some duty that the employee owed the employer and resulted as a natural consequence of performance of that duty. As such, it must be seen to have been contemplated by a reasonable person familiar with the whole situation as a result of exposure occasioned by the nature of the employment. Such being the case, it can be said to arise out of the employment. Bluegrass Pastureland Dairies v. Meeker, 268 Ky. 722, 105 S.W.2d 611. The exposure to the hazard must result from engagement in the performance of the duties of the employment."

In the Stewart case, in 1955, it was pointed out that any change in the rule should be made by the Legislature and not by the courts. This suggestion was again made in the Maddox case in 1959. Neither the Legislature nor the people who normally are most interested in such matters have seen fit to press for a change or to change the rule. It ill becomes this Court to do so.

There is too much instability in the law. It is the function of the judiciary to construe the law, and to change the law is outside that function. Stability of the law is the cornerstone of an orderly society.

It must be pointed out that this change is a big step toward complete coverage of all injuries suffered by an employee during working hours without regard to whether the injury results from any risk connected with the employment. This was not the intent of the Legislature in enacting the Workmen's Compensation Law. This, in effect, places a burden on the employer, which was never contemplated.

For these reasons I cannot agree with the majority opinion.