**Dorothy Mae GORDON, Appellant,**

v.

**JEFFERSON COUNTY FISCAL COURT and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 27, 1966.

Edwin I. Baer, Kenny Grantz, Louisville, for appellant.

C. Dant Kearns, Louisville, J. Keller Whitaker (Workmen's Compensation Board), Frankfort, for appellees.

MILLIKEN, Judge.

This case originated from an application for benefits under the Workmen's Compensation law by the appellant, widow of one John R. Gordon who died as a result of an accident which occurred September 15, 1963. The Workmen's Compensation Board refused compensation because of its conclusion that the deceased did not suffer his injury and subsequent death in an accident that arose out of his employment, and, upon appeal, the trial court held that the Board was correct and dismissed the appeal. The only question before the Board was whether or not the injury and death arose out of and in the course of the deceased's employment.

The decedent was the watchman for the defendant-employer. On Sunday, September 15, 1963, he was on his job in the defendant's garage. Shortly after 7:00 a. m., he was found with the rear end of his automobile on his chest and the front end

of his automobile raised upon a grease rack. At that time decedent was still alive and he mentioned that his wallet was in his automobile and asked that it be taken care of. He was taken to the hospital and shortly thereafter he died. There was no proof on the part of either party as to whether or not the decedent was working on his automobile except for such inferences as may arise from the lack of tools at the site of the accident. There is no question that there was a rule by the employer to the effect that no personal work was to be done on the premises, but there was apparently no rule that an employee could not place his automobile on the grease rack.

In its opinion and award the Workmen's Compensation Board refused compensation, stating:

"When the decedent placed his car upon the grease rack and raised it, he was not performing any duties incidental to his employment but was for some unknown personal reason. In the absence of an explanation as to why the decedent placed the car on the grease rack, or facts from which the Board may infer that such acts were in furtherance of defendant's business, the Board finds that the accident did not arise out of his employment."

We think the Board's findings are reasonable. This is not a case where the employee used an automobile to further the business of his employer as was the situation in Corken v. Corken Steel Products, Inc., Ky., 385 S.W.2d 949, where we held that a salesman, who was killed by a demented stranger when returning to his car from a noon lunch at a nearby restaurant, was within the course of his employment at the time of his death and that it arose out of a hazard of his employment, employment which required use of a car to transport him from customer to customer. Rather, the automobile of the deceased in the case at bar was used solely for his personal convenience in going to and from his work, and

he was permitted to park it in his employer's garage, again solely for his personal convenience. We have no trouble, of course, in finding that the accident arose in the course of his employment, but we must agree with the Board that the other necessary prerequisite for recovery—that the accident arose out of the employment—cannot be found on the facts of this case.

The judgment is affirmed.