**BLUE DIAMOND COAL COMPANY, Appellant,**

**v.**

**Mrs. Gladys CREECH, Individually, etc., et al., Appellees.**

Court of Appeals of Kentucky

Feb. 3, 1967.

Maxwell P. Barret, Reeves, Barret & Cooper, Hazard, for appellant.

M. B. Fields, Hazard, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment which set aside an order of the Workmen's Compensation Board denying dependency benefits to appellees Gladys Creech and her children. The board had found that the death of her husband, Ernest Creech, did not arise in the course of his employment as a shuttle car driver with appellant, Blue Diamond Coal Company.

The company had been experiencing labor difficulties for several months prior to Creech's death. However, Creech, a regular employee, refused to honor the picket line. Near the only open entrance leading into the company's property pickets were stationed on each side of the public highway every day. After completing his shift of work at 3:00 p. m. on March 3, 1965, Creech and two fellow employees stopped at the company's commissary before leaving for their homes. As they drove onto the public highway in Creech's truck at about 4:00 p. m. and passed through the picket line, the truck was hit by a rock or some similar missile. Creech stopped the truck and pointed a rifle (which he carried on account of previous strike violence toward him) out the truck's window at a group of pickets. As the pickets fled for cover Creech was shot in the back while seated in the cab of his truck and sustained a fatal injury. Upon these facts the board concluded that, since Creech was killed on a public highway an hour after completing his shift in the mine, his death did not arise in the course of his employment as required by KRS 342.005(1).

On appeal the circuit court concurred with the board's findings but concluded as a matter of law that Creech's death arose out of and in the course of his employment with the company, entitling appellees to compensation benefits.

The company contends that the assault on Creech did not arise out of his employment because Creech had provoked it by pointing the gun at the pickets. How-

ever, the board observed that Creech did not point the gun until after the pickets had attacked his truck. The board specifically stated that "his death did arise out of the labor difficulties that the mine was experiencing" and we believe that the evidence completely supports this finding.

■ It is further argued by the company that the assault did not arise in the course of Creech's employment because it occurred on a public highway and an hour after he completed his assigned duties for the day. It cites Maddox v. Heaven Hill Distilleries, Inc., Ky., 329 S.W.2d 189, where an employee was struck by an automobile on a public highway on his way to a parking lot after his work day had ended. It was held that his injuries neither arose out of nor in the course of his employment. Insofar as it held that the place of injury took it out of the course of employment, the case was, in effect, overruled in Corken v. Corken Steel Products, Ky., 385 S.W.2d 949.

In 1 Larson, Workmen's Compensation Law, Section 29.21, pages 446–448, the author observes that when an employee during a violent strike remains on the job despite considerable personal risk he is performing a special service for his employer by minimizing the employer's loss due to the strike and he deserves compensation for injuries attributable to the fact that he performed his assigned tasks, regardless of where or when the assault takes place. Larson's view was anticipated by Chief Justice Cordozo in Field v. Charmette Knitted Fabric Co., 245 N.Y. 139, 156 N.E. 642, and followed in Baggett Transport Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21; Meo v. Commercial Can Corp., 80 N.J. Super. 58, 192 A.2d 854, and Cutie v. Doge Co., 1 A.D.2d 857, 148 N.Y.S.2d 735.

As we view the facts presented herein, at the time of his death Creech, although he had concluded his regular duties of employment and departed from his work station, was still performing a service for his employer in risking continued violence by the pickets toward him, a risk which is often incident to working during a labor strike.

As in the Meo case, the circumstances under which Creech remained in the company's employ cast an aura of danger about him which did not evaporate at the magic hour of 3:00 p. m., nor could it be shed at the boundaries of the company's property. The inherent risk of his employment under strike conditions remained with him while enroute from his job. We conclude that the assault on Creech under these unusual circumstances did arise in the course of his employment with the company within the meaning and intent of our Workmen's Compensation Act. Since the board correctly concluded the assault arose out of his employment, under KRS 342.005 and 342.070 his dependents are entitled to an award of compensation.

■ Our conclusion is consistent with the holding in Corken v. Corken Steel Products, Ky., 385 S.W.2d 949, that "causal connection (to establish an accident arose out of and in the course of the employment) is sufficient if the exposure results from the employment." Cf. Smith v. Klarer Co., Ky., 405 S.W.2d 736, wherein compensation to a claimant who fell on the sidewalk as she approached her employer's building was approved because the risk which caused her injury was peculiar to her employment, and Ratliff v. Epling, Ky., 401 S.W. 2d 43, wherein similar principles of law are expressed, although compensation was denied because the employee was acting for his own benefit when injured.

While this holding may point up the obligation of an employer toward his employees during a strike, we observe that an employer can and often does instruct nonstriking employees to stay away from their work and not attempt to cross picket lines, thereby divesting himself of the benefits and responsibilities recognized in this opinion.

The judgment is affirmed and the case is remanded to the Workmen's Compensation Board for entry of a proper award of compensation.

Chief Justice WILLIAMS and Judges MONTGOMERY and STEINFELD dissent for the reason they are of the opinion that the injury from which Creech died did not arise in the course of his employment with the Blue Diamond Coal Company and therefore compensation benefits are not payable to his dependents.