**TOMMY THOMPSON PRODUCE COMPANY and Travelers Insurance Company, Appellants,**

v.

**Carolyn Page COULTER, Widow of Marion H. Coulter, and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Aug. 24, 1984.

Discretionary Review Denied by Supreme Court Nov. 28, 1984.

Stuart E. Alexander, Louisville, for appellants.

David Kaplan, Raymond M. Clooney, Louisville, for appellees.

Before CLAYTON, McDONALD and MILLER, JJ.

CLAYTON, Judge.

This is an appeal from an award of the Workers' Compensation Board. The circuit court affirmed the board on February 3, 1984.

In urging reversal, the appellant states that the injury (death) was not work-related. He states the position another way, i.e., the "positional risk" theory is not applicable to the facts of this case within the meaning of KRS Chapter 342.

Tommy Thompson, the appellant, operates a wholesale produce business in the old "Hay Market" in Louisville. Coulter was employed as a warehouseman. Work begins at 3:00 A.M. and usually terminates at noon or before. Next door, but in the same building and in the same type of business as Thompson's, is Netter Produce. The two firms have been neighbors for 25 years. The personnel of the two firms have been good friends. No ill feelings exist and no arguments or fights have occurred between the two firms. There had

been no "bad blood" between Coulter, the deceased, and anyone at Netter Produce. During a slack period of business at about 7:00 A.M. on September 30, 1982, employees of both firms were standing around in front of the establishments engaged in general conversation.

Mitch Netter, the father, came out of the door to his business with a snub nose .38 pistol in his hand and said, "look here." He then fired a shot, "kind of up in the air ... not aiming at nobody to hurt anybody or shoot them or anything because there— that morning, Netter was in an excellent mood, everything had been smooth around there and definitely no hard feelings of anyone, as far as I know." In response to the fired shot, Coulter said, "Well, tomorrow, I'm going to bring my gun." At that point Mitch Netter walked over to within two feet of Coulter and said, "Here, use this one," and tossed the gun to Coulter. The gun landed in Coulter's hand "just right, like you would almost grab it and it looked like that without thinking Marion (Coulter) just twisted and pulled the trigger." Mitch Netter was struck in the chest by the bullet. Coulter appeared shocked and surprised and went inside Thompson's warehouse and was standing in front of a produce rack still holding the gun while Thompson was attempting to call the police and an ambulance.

Ronnie Netter, Mitch Netter's son, came out of the Netter establishment, ran into Thompson's establishment, saying, "Where is he at?", wrestled the gun away from Coulter and fired twice into Coulter's chest, killing him instantly. This happened some three or four minutes after Mitch Netter had been shot. Mitch Netter and Coulter had never "joked in this fashion with a pistol before." Thompson never knew of Coulter carrying a gun at work, and it was no part of his duty to carry or use a gun. He was not a guard and it was not his regular job to carry money or cash except for an occasional collection of sales tickets.

Coulter's widow filed a claim and the board and the circuit court held that the doctrine of positional risk applies, that the injury was work-related under the theory of *Corken v. Corken Steel Products, Incorporated,* Ky., 385 S.W.2d 949 (1965).

In arguing that the injury and death is non-work-related, the appellant says that *Corken, supra,* is distinguishable from the present case. He maintains that there is an explanation for the shooting of Coulter which arose out of an act begun by Coulter which had no relationship to employment. Thus, there is an explanation of the reasons behind Coulter's death and consequently the positional risk theory will not apply.

In *Corken, supra,* the facts are strikingly similar. A salesman was employed by the company and calling on customers in Campbell County. Between calls, he stopped at a restaurant in Newport and had lunch. As he was in the act of getting back into his automobile, which was parked on the street near the restaurant, he was deliberately shot and killed by a stranger acting without provocation or discernible reason of any kind. The court in holding for the salesman said,

Corken's employment was the reason for his presence at what turned out to be a place of danger, and except for his presence there he would not have been killed. Hence it is our opinion that his death arose out of the employment. Id. at 950.

We see very little difference between the *Corken* case and the present case. In attempting to distinguish the *Corken* case, appellant says that the central theme in it and similar cases is that the cause of injury is "unexplained." He argues that in the present case, the cause of Mr. Coulter's death is explained, the reason being that young Netter shot Coulter for a reason and that this reason had nothing to do with Coulter's employment. We are unable to follow such reasoning and hold that *Corken* is applicable.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.