861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harriett BISCHOFF, Administratrix of the estate of Sabra Ann
Diamond, and in her individual capacity, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.
 No. 87-6173.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Judge.[1]
 
 
 2
 THOMAS G. HULL, District Judge.
 
 
 3
 Harriett Bischoff, suing as Administratrix of the Estate of her daughter Sabra Ann Diamond and on her own behalf (Bischoff), appeals from a decision of the District Court granting defendant-appellee Sears, Roebuck and Company (Sears) judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. For the reasons which follow, we AFFIRM.
 
 
 4
 Ms. Diamond was employed by Sears at its Jefferson Mall store in Louisville, Kentucky, from August 13, 1984, until her untimely death in the early morning hours of April 8, 1986. On the night of April 7, 1986, she got off work at 9:00 p.m., left her car in the Sears parking lot, and went to the movies with friends. At around 12:30 a.m., her friends returned her to her car and she headed for home.
 
 
 5
 John Anthony Harris, a fellow employee at Sears who had worked at the same store off and on since September of 1983, was waiting for Ms. Diamond when she got off from work. He and a friend followed her to the movies, waited nearby, and then followed her back to the Sears parking lot. They continued to follow her as she drove home alone. About three miles from the Sears lot, they forced her car off of the road. Mr. Harris then got out of his car, walked up to her car, and shot her in the head.
 
 
 6
 After her daughter's death, Bischoff brought this wrongful death action against Sears pursuant to the provisions of KRS 411.130. She alleged that Sears was negligent in its hiring and/or retention of Mr. Harris because it knew or should have known that he was harassing her, that he made unwelcome sexual advances toward her, that he had "exhibited dangerous proclivities, traits of violence, irresponsibility, animosity, and/or aggressive behavior" toward her, and that she was afraid of him. It was Bischoff's theory that if Sears had taken steps to remedy this harassment and to protect Ms. Diamond, her death could have been prevented.
 
 
 7
 Sears denied any negligence toward Ms. Diamond, offering evidence that there had never been any written or oral complaints lodged against Mr. Harris; that he had never been disciplined or reprimanded during the entire course of his employment; that he had successfully undergone a physical examination and psychological testing as part of the hiring procedure; and that, prior to the murder, he had no criminal record. In moving for judgment on the pleadings, Sears first contended that Bischoff had failed to state a cause of action on her own behalf because Ms. Diamond was not a minor child at the time of her death. And while it acknowledged that Bischoff had a right to sue as Administratrix of her daughter's estate, it contended that any right to recover against Sears would be limited to the provisions of Kentucky's workers' compensation law.
 
 
 8
 While not specifically addressing Bischoff's claim on her own behalf, the District Court granted Sears' motion and dismissed the case. Apparently this claim has been abandoned by the plaintiff-appellant who lists, as issues for review before this Court,
 
 
 9
 1. Does the Kentucky Worker's Compensation Act provide the exclusive remedy for damages against Sears, Roebuck and Company, resulting from the death of Sabra A. Diamond? and
 
 
 10
 2. Does Kentucky common law recognize the tort of negligent hiring and/or retention?
 
 
 11
 The latter question is an interesting one which appears never to have been addressed by the Kentucky Supreme Court. However, it was not reached by the District Court, and, because of our disposition of the former question, it need not be reached in this opinion.
 
 
 12
 It is undisputed that Sears was Ms. Diamond's employer and that any duty it had to protect her from Mr. Harris arose out of that employer-employee relationship.
 
 
 13
 The Kentucky Workers' Compensation Act, KRS 342.690(1), provides,
 
 
 14
 If an employer secures payment of compensation as required by this Chapter, the liability of such employer under this Chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, ... and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. (emphasis added).
 
 
 15
 This statute makes it clear that the worker's compensation act provides the exclusive remedy for Ms. Diamond's death even if Kentucky does recognize the tort of negligent hiring and retention and even if Bischoff can prove that Sears was negligent in its hiring or retention of Mr. Harris.
 
 
 16
 The fact that Ms. Diamond was not performing a work-related function at the time of her death and was not even on her employer's premises does not relieve Sears of liability under the act. To recover on a worker's compensation claim under Kentucky law, the causal connection between the injury and the employment is sufficient if the exposure results from the employment. Corken Steel Products, Inc. v. Corken, 385 S.W.2d 949 (Ky.App.1964) (recovery allowed when a salesman was shot on the street by a stranger during a lunch break). The facts are undisputed that the only connection Ms. Diamond had with Mr. Harris was through her employment and any animosity that existed between the two of them was traceable to the workplace. See Hall v. Clark, 360 S.W.2d 140 (Ky App.1962); Henry Vogt Machine Company v. Chamberlain, 279 S.W.2d 224 (Ky App.1955). There is no suggestion that Ms. Diamond ever saw Mr. Harris outside of the work environment or had any occasion to develop a private relationship with him. In other words, but for her employment with Sears, she would have had no contact with Mr. Harris whatsoever.
 
 
 17
 The District Court was clearly correct in ruling that the exclusive remedy for damages ensuing from the death of Sabra Ann Diamond was pursuant to Kentucky's Worker's Compensation Act.
 
 
 18
 Accordingly, the district court's decision granting Sears's motion for a judgment on the pleadings, is hereby AFFIRMED.
 
 
 19
 RYAN, Judge, concurring separately.
 
 
 20
 I agree that based upon the allegations in the plaintiff's complaint, which for decisional purposes must be taken as true, if the defendant Sears, Roebuck and Company owed any duty to the plaintiff's decedent it was one defined by and exclusively limited to the provisions of the Kentucky Workers' Compensation Act. Consequently, I concur in the court's decision affirming the district court's judgment dismissing the plaintiff's complaint.
 
 
 21
 I note my concurrence separately, however, because I do not wish to be understood, even implicitly, as sharing the view that the Kentucky cases cited in my brother's opinion necessarily point to the conclusion that the decedent's tragic death "arose out of and in the course of [her] employment" at Sears, Roebuck and Company. See K.R.S. 642.620(1).
 
 
 
 [1]
 Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation