**HARLAN APPALACHIAN REGIONAL HOSPITAL et al., Appellants,**

v.

**Lucy TAYLOR et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 23, 1968.

Grant F. Knuckles, James S. Wilson, Pineville, for appellants.

Martin Glazer, Dept. of Labor, Frankfort, Stuart E. Alexander, Louisville, W. R. Forester, Greene & Forester, Harlan, J. Keller Whitaker, Workmen's Comp. Board, Frankfort, for appellees.

DAVIS, Commissioner.

Once again we are confronted with the question of whether an injury sustained by an employee on the employer's parking lot, while the employee is en route to work, is compensable under KRS Chapter 342. The Workmen's Compensation Board concluded that Lucy Taylor, appellee herein, was not entitled to workmen's compensation for injuries allegedly sustained by her when she fell in the parking lot of the Harlan Appalachian Regional Hospital, as she was leaving her car preparatory to going to work in the hospital building. The circuit court overturned the Board's decision and ordered the matter remanded to the Board with direc-tions to award her such compensation as may be proper under the evidence. This appeal challenges that action of the circuit court.

Appellants point out that KRS 342.005 directs that workmen's compensation benefits are limited to such accidental injuries or disability from occupational diseases as are characterized as "* * * arising out of and in the course of his employment, * * *." It is urged by appellants that an injury sustained by the employee while on the way to work, but before entering on work duty, could not meet the statutory prerequisite for compensation. For the reasons hereinafter suggested, we are unable to accept this contention.

Appellants cite and rely upon Bickel v. Ford Motor Co., Ky., 370 S.W.2d 193, in which it was specifically held that an employee who slipped and fell on the parking lot furnished for the employees by the company had not sustained an injury arising out of his employment within the meaning of KRS 342.005. It is patent that Bickel would rule the present case, if the court adheres to the precepts of that decision. It is noteworthy that Bickel is posited upon United States Steel Co. v. Isbell, Ky., 275 S.W.2d 917, which was a companion case of, and based upon, Harlan-Wallins Coal Corp. v. Stewart, Ky., 275 S.W.2d 912. Examination of the three opinions just cited discloses the difficulty which the court has encountered in dealing with cases similar to the one at bar. As recounted in Harlan-Wallins Coal Corp. v. Stewart, supra, the court has reached divergent results in the long series of cases cited and discussed in the majority and dissenting opinions.

In Ratliff v. Epling, Ky., 401 S.W.2d 43, another look was had at cases of this nature, said to involve the so-called "going and coming" rule. In the Ratliff case the court announced:

"In our opinion the 'operating premises' test is a fair one and most consistent with the trend of our decisions, and we hereby adopt it. Applying it to this case, we find

that the roadway area extending at least as far as the point opposite which the employee was killed (173 feet from the drift mouth) properly should have been considered within the 'operating premises' of the employer by the Board." Id., 401 S. W.2d 45.

In the course of the Ratliff opinion, reference was made to certain Pennsylvania decisions including Young v. Hamilton Watch Co., 158 Pa.Super. 448, 45 A.2d 261, and Shaffer v. Somerset Community Hospital, 205 Pa.Super. 419, 211 A.2d 49. We attached no significance to the fact that the Pennsylvania statute applicable in the Young case, and apparently extant when the Shaffer case was decided by the Pennsylvania court in 1965, required that the injury occur on the "premises" of the employer. In Young v. Hamilton Watch Co., the Pennsylvania court denied compensation to an employee who had fallen in a company-owned employees' parking lot while on his way to work. There the parking lot was separated from the main plant boundary by a public highway and for that reason, apparently, compensation was denied. Observe the following language appearing in the Young opinion:

"In the present case it is obvious that the parking lot was not a part of the operating business; it was distinct therefrom and separated from defendant's plant by a public thoroughfare. See Molek v. W. J. Rainey, Inc., supra, 120 Pa.Super. 95, 181 A. 841. Neither physically nor constructively was the parking lot part of the premises upon which the employer's business was conducted, and in which claimant was engaged. If claimant's theory is sound, any such parking lot, regardless of its remoteness to an employer's plant, would have to be considered as part of the premises upon which the employer's business was being carried on. The word 'premises' cannot be enlarged in its meaning and application so as to include land or property outside of that used in connection with the actual premises where the employer carries on the business in which the employee is engaged." Id., 45 A.2d 263.

The facts in Shaffer v. Somerset Community Hospital, 205 Pa.Super. 419, 211 A.2d 49, are indistinguishable from the case at bar. In Shaffer, a nurse was on her way to work at a hospital when she slipped and fell in the icy parking lot adjacent to the hospital, owned by the hospital and furnished as a facility for employee parking. The court allowed compensation and considered that the rationale of Young v. Hamilton Watch Co., 158 Pa.Super. 448, 45 A.2d 261, was not controlling. In part, the Pennsylvania court related its reasons for allowing compensation in Shaffer as follows:

"In determining the instant appeal, we may not close our eyes to the needs of present day society. The automobile has become the universal means of transportation. A hospital must of necessity have a parking lot. Its presence is essential to the doctors and to the hospital personnel, frequently called under emergency conditions. In the case at bar, the parking lot was clearly an integral part of the hospital premises. We perceive no merit in the argument of the insurance carrier that claimant did not have any duties to perform on the parking lot. She was on the premises of her employer when she was injured, and the Board so found. The fact that her actual duties were in the hospital building itself does not affect her right to compensation." Id., 211 A.2d 50.

Following the decision in Ratliff v. Epling, Ky., 401 S.W.2d 43, this court allowed compensation recovery in Smith v. Klarer Company, Ky., 405 S.W.2d 736. In the Smith case, the accident occurred while the employee was on her way to work, walking along a sidewalk situated on property owned by the employer and used by the general public and the employees of the company. We are unable to perceive any distinguishing factor in the case at bar which would make the rule applied in Smith v. Klarer Company inapplicable here. It is

concluded that the parking lot in this case qualified as part of the "operating premises" within the purview of the rule announced and adopted in Ratliff v. Epling and followed in Smith v. Klarer Company. To the extent that Bickel v. Ford Motor Co., Ky., 370 S.W.2d 193; United States Steel Co. v. Isbell, Ky., 275 S.W.2d 917; Harlan-Wallins Coal Corp. v. Stewart, Ky., 275 S.W.2d 912; Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923; and cases of like import are inconsistent herewith, they are overruled.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, PALMORE, and STEINFELD, JJ., concur.

MONTGOMERY and OSBORNE, JJ., dissent.