**STANDARD GRAVURE CORPORATION,**
Appellant,

v.

**Douglas E. GRABHORN and the Kentucky Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 18, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Jan. 7, 1986.

J. Baxter Schilling, Louisville, for appellant.

Tamara Todd Cotton, Louisville, for appellee Grabhorn.

Before HAYES, C.J., and MILLER and REYNOLDS, JJ.

REYNOLDS, Judge.

This appeal confronts us with the question of what effect the repeal of KRS 342.-004 (the liberal construction mandate) has on the "operating premises" exception to the "going and coming" exclusion from coverage under the Workers' Compensation Act. When presented with this question the Workers' Compensation Board found that the repeal of the statute abrogated the operating premises exception, thus excluding appellee/employee from coverage under the Act, and that upon reaching this decision it was unnecessary to make any further findings. On appeal, the Jefferson Circuit Court reversed this decision, i.e. that repeal of the statute had abrogated the "operating premises" exception, and remanded the case to the Board for a full determination of the merits of the claim. It is from this action of the court that the appellant/employer appeals.

In handling claims brought by employees, courts have been required to construe the Act in order to determine when injuries to the employees are covered under the Act. One rule of construction which has developed is the "going and coming"

rule which "involves the question of whether or not, and under what conditions, an employee is covered by Work[ers'] Compensation when on his way to or from the place where he actually performs the duties connected with his employment." *Ratliff v. Epling*, Ky., 401 S.W.2d 43, 44 (1966). Generally, the transitory activities of employees do not bring them under the Act unless such activities are in the actual performance of employment. *Id.* However, in applying this rule certain exceptions have been carved in order to allow coverage, with one such exception being the "operating premises" exception. *See Ratliff*, 401 S.W.2d 43 and cases cited therein. The reason for the development of this exception is undoubtedly the recognition that certain activities are sufficiently related to employment so as to be covered under the Act even though the employee has not actually begun to perform his particular job duty. *Id.*

By this appeal appellant requests that we eliminate the "operating premises" exception. As a basis for this request appellant asserts, and we agree, that the exception is arrived at through a liberal construction of the Act. *See K-Mart Discount Stores v. Schroeder*, Ky., 623 S.W.2d 900 (1981); *Phil Hollenbach Co. v. Hollenbach*, 181 Ky. 262, 204 S.W. 152 (1918). Therefore, the appellant asserts that the repeal of KRS 342.004, which was the statutory admonition that the Act be given a liberal construction, requires the abrogation of the "operating premises" exception. However, we do not agree with appellant as to this point.

■ While it is true that the statutory admonition that a liberal construction be given to the Act has been repealed, there is no statutory requirement replacing KRS 342.004 that the Act be strictly construed, and our judiciary has long recognized that the Act "must be liberally construed with a view to effectuating the intention of its framers." *Hollenbach*, 181 Ky. at 286, 204 S.W. at 162. *See also* KRS 446.080 (the general liberal construction mandate). In-

deed, the *Hollenbach* court implicitly recognized the "operating premises" exception, making it obvious that that exception was not solely dependent upon the existence of KRS 342.004. 181 Ky. at 278, 204 S.W. at 159. Thus, absent clear legislative intent to abolish the "operating premises" exception, we decline to do so. *Cf. Stovall v. Dal-Camp, Inc.*, Ky., 669 S.W.2d 531 (1984) (wherein our Supreme Court noted that, though cases finding that heart attacks are compensable injuries if caused by a work-related arousal were decided while KRS 342.004 was effective and that the statute no doubt influenced the court in its interpretation, heart attacks would still be considered compensable injuries, if causal connection has been shown, until the General Assembly specifically addresses the matter and makes its intent clear.)

As the Board made no further findings other than its belief that the repeal of the statute had abrogated the "operating premises" exception, the case is to be remanded for further findings on the merits of whether the injury to the appellee/employee is compensable under the Act. Such determination of coverage is to be governed by the guidelines set forth in *Schroeder*, 623 S.W.2d 900.

Judgment of the Jefferson Circuit Court, reversing the Kentucky Workers' Compensation Board's Opinion and Order and remanding the case to the Board for further findings, is affirmed.

All concur.