Freddie Lee HAYES, Appellant,

v.

GIBSON HART COMPANY and Kentucky Workers' Compensation Board, Appellees.

No. 89–SC–563–DG.

Supreme Court of Kentucky.

May 24, 1990.

Dwight T. Lovan, Wilson, Wilson & Plain, Jerry L. Johnson, Elliott & Johnson, Owensboro, for appellant.

Stephen D. Gray, Dorsey, Sullivan, King, Gray & Norment, Henderson, for Gibson Hart Co.

Glenn L. Schilling, Frankfort, for Workers' Compensation Bd.

LEIBSON, Justice.

This is a workers' compensation case. The issue, broadly defined, is whether the employee's injury qualifies as an "injury" covered under KRS 342.0011(1), which is a "work-related harmful change in the human organism, arising out of and in the course of employment." Narrowly defined, the issue is whether the place where the employee was injured should be classified as part of the "operating premises" of his employer included within the coverage

of the workers' compensation law even though the employee is in a "going and coming" status. *Cf. Ratliff v. Epling,* Ky., 401 S.W.2d 43, 45 (1966).

As stated in Larson's treatise, *Workmen's Compensation Law,* Vol. 1, § 15.11, while "[t]he course of employment is not confined to the actual manipulation of the tools of the work, nor to the exact hours of work[,] ... it is generally taken for granted that workmen's compensation was not intended to protect [the worker] against all the perils of [the] journey" between his home and his place of work. The employee is not entitled to coverage while "still subject to the common risks of the street." This is the "basic going and coming rule." Nevertheless, as Larson states, "with a surprising degree of unanimity" the cases applying this rule interpret "course of employment" to cover "going and coming" injuries occurring "on the employer's premises." The question in the present case is whether this "on premises" protection applies to the facts of this case.

The appellant, Freddie Lee Hayes, was employed out of the Plumbers and Pipe Fitters Union in Owensboro, Ky., to work for Gibson Hart, a contractor performing services at the T.V.A. Paradise Power Plant located in Muhlenberg County, Ky. On June 16, 1985, Hayes proceeded from his home in Owensboro to the Paradise facility where he was required to check in through a T.V.A. guard gate and walk from the gate about a quarter of a mile to the job site within the plant. Appellant was general foreman of a crew of twenty doing pipe fitting work on cooling towers within the plant. The route from the gate required that he cross some rough terrain and then travel a sidewalk leading to the building where he would report for work. It was about 7:15 a.m., and he was due to start work at 7:30 a.m. He was walking on the sidewalk some three hundred feet from the building when he tripped over a gob of concrete and fell, breaking his wrist. There were two other persons walking with him, also on their way to start work, one a carpenter working for T.V.A. and the other a machinist whose employment was not identified.

The argument for the appellee, Gibson Hart, is that Hayes was in a "going and coming" status because he had not yet reported on the job and the "operating premises" modification did not apply because the place of injury was under the physical control of T.V.A., not Gibson Hart. The appellee argues that only the job site within the plant where Gibson Hart was carrying out its contract should qualify as "operating premises." The appellee persuaded the Workers' Compensation Board, Daviess Circuit Court, and the Court of Appeals, that the present case falls squarely under the holding of *K–Mart Discount Stores v. Schroeder,* Ky., 623 S.W.2d 900 (1981), wherein we decided that an employee who sustained an injury while traversing a shopping center parking lot on the way to report in to her employer's store was not covered by the "operating premises" rule. The employer's store was one of twenty renting space in the shopping center. We held the injury would be classified as nonwork-related, falling under the going and coming rule. We stated:

"Two factors must be present to fix liability on the employer. First of all, the employer must control the area, and second, a work-related injury must have been sustained on the area." *Id.* at 902.

We also stated:

"The 'operating premises' rule must be applied on a case by case basis."

The appellant maintains there are critical factual differences between the *K–Mart* case and the present case which calls for application of the "operating premises" modification of the "going and coming" rule. The appellant argues the language used in the *K–Mart* case, while appropriate to that fact situation, should not be narrowly construed to mean that "operating premises" coverage applies only where the employer has physical control over the area where the injury occurred. Specifically, it is the appellant's position that, although the property here was owned by and under physical control of T.V.A., he should be covered because he had access to the area only by reason of his employment by Gib-

son Hart. His access was provided by a badge issued by Gibson Hart that provided entry. As distinguished from cases excluding coverage on the "common risks of the street" theory, *Larson, supra,* Hayes not only *would not* have been where the injury occurred, he *could not* have been there, but for his employment. Appellant maintains it may be appropriate to exclude coverage under the "going and coming" rule while the employee is in transit on streets, sidewalks and parking lots where the public shares access, but not to exclude coverage in the enclosed area where access is provided only by reason of his employer's contract; that this should be considered a part of the "operating premises" of his employer.

The problem here is how to apply these rules to present circumstances with due regard to precedent. We view both concepts embodied in the definition of "injury" in KRS 342.0011 as bearing on the solution: (1) "work-related," and (2) "arising out of and in the course of employment." Both concepts should be applied when using the "going and coming" rule and the "operating premises" modification. That was the approach in *Ratliff v. Epling, supra.* The employee was injured in the collapse of a "high wall" on the coal company's operating premises within a reasonable time after quitting work and while the employee was on his way home, but he had tarried along the way to gather loose coal for his personal use. We decided the "on premises" factor was outweighed by the nonwork-related factor, stating:

> "Here the delay in departure plus the nature of the deviation unreasonably compounded the risks to which the employer should be subjected." *Id.* at 46.

Thus, the employer's physical control of the operating premises was not the exclusive determinant of what qualifies as "operating premises." In *Ratliff,* the employer had such physical control, and nevertheless we applied the "going and coming" rule, because the employer's physical control of the premises was outweighed by the "increased hazard" by reason of "a personal mission."

On the other hand, a long line of Kentucky cases have recognized the "positional risk" theory to extend coverage to employees where the work assignment places them where they were exposed to the injury for which compensation is sought even though the injury producing mechanism was not "work-related." *Corken v. Corken Steel Products, Inc.,* Ky., 385 S.W.2d 949, 950 (1965); *Baskin v. Community Towel Service,* Ky., 466 S.W.2d 456 (1971); *Tommy Thompson Produce Co. v. Coulter,* Ky.App., 678 S.W.2d 794 (1984).

We agree in principle with the Court of Appeals' approach in *Jackson v. Cowden Mfg. Co.,* Ky.App., 578 S.W.2d 259 (1978), that in determining whether the injury was work-related "no single factor should be given conclusive weight." The coverage decision must be based upon the "quantum of aggregate facts rather than the existence or nonexistence of any particular factor." *Id.* at 262. This approach was used in *Smith v. Klarer Company,* Ky., 405 S.W.2d 736 (1966), to extend coverage to an employee who fell on a sidewalk in front of her employer's meat packing plant while on her way to work in the plant. The sidewalk was used by the general public, which mitigates against applying the "operating premises" rule, but coverage was extended nevertheless because this public sidewalk was within the property line of the employer's property. As in *K–Mart v. Schroeder, supra,* relied on here by the employer, the facts in *Smith v. Klarer,* where the decision favors the employee, differ from the present case. The point is that the aggregate facts favor applying the "operating premises" rule to provide coverage, rather than the "going and coming" rule to deny coverage.

In Kentucky's first case decided after the new workers' compensation law was enacted, *Phil Hollenbach Co. v. Hollenbach,* 181 Ky. 262, 204 S.W. 152, 159 (1918), the court states it is "not always true" that an employee in a going and coming status must be on premises under the physical control of his employer before coverage applies:

"An injury to one employed by the week, while leaving the premises for the purpose of procuring a luncheon, by means of stairs which are not under the employer's control, but afford the only means of going to and from the workroom, arises out of and in the course of the employment. *Sundine's Case* [218 Mass. 1, 105 N.E. 433] [citation omitted]."

■ In the present case the appellant argues that the crucial fact weighing in favor of applying the "operating premises" rule to the place where this injury occurred is that the employee was within the gate on the private premises of the T.V.A. at a place where he *could not* have been but for his employment. We agree. This case does not involve the "common risks of the streets," *Larson, supra.*

This is one of a common class of cases involving subcontractors and independent contractors doing construction and repair work on the private premises of an owner/contractor. In such cases it would be difficult, if not impossible, to define the physical limits of the "operating premises" of the employer if the term is confined to the job site where the work is being performed. The fact is, as the appellant claims, that this employee was injured at a position or location where he could not have been but for the authorization provided by his employer, Gibson Hart, who issued him a badge to be on the private premises of the T.V.A. We recognize that physical control of the area and responsibility for the condition of the sidewalk remained with T.V.A., but we do not consider this to be a controlling factor. If that were so, then the employees of a subcontractor or independent contractor working on the premises would be excluded from coverage everywhere but the precise location where work is in progress.

Neither party has provided us with authority precisely in point, and our own research, albeit limited to Larson's treatise and cases cited therein, indicates a surprising dearth of cases discussing the coverage for employees of independent contractors and subcontractors injured on the private premises of the owner/contractor while on their way to report to work. Two cases which suggest that coverage should be provided in such situations, and in present circumstances, are *Davis v. Chemical Constr. Co.*, 232 Ark. 50, 334 S.W.2d 697 (1960) and *Employer's Ins. Co. of Alabama v. Bass*, 81 Ga.App. 306, 58 S.E.2d 516 (1950). In the *Davis* case, coverage was extended to an employee of Chemical Construction Company which had a contract with Monsanto when the employee was injured after leaving his place of employment at his employer's construction site on the Monsanto property, because the employee was still within the security area. Specifically, the court made no distinction between the construction site of the contractor and the area owned by Monsanto. In the *Employer's Ins. Co. of Alabama v. Bass* case, a carpenter employed to work at one point on a construction project consisting of a large number of apartment buildings was extended coverage on the basis that his operating premises area was not confined to the particular building on which he was working.

*Stewart v. United States*, 716 F.2d 755 (10th Cir.1982), cert. den., 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984), is one of a class of cases representing the reverse side of the right to claim workers' compensation coverage. At issue was the right of the injured worker to pursue a *common law* tort claim coverage against the owner of the premises when injured while working for an employer with a contract to perform services for the owner, instead of seeking workers' compensation. The claimant was injured on a parking lot on the premises of a nuclear facility while working for an employer operating under a contract with the United States. The Court held that, under Colorado law, his injury arose "out of and in the course" of his employment even though the parking lot was not used exclusively by employees of plaintiff's employer, because both the employees and the employer benefited from the use of the lot. Our recent case, *Fireman's Fund Ins. v. Sherman & Fletcher*, Ky., 705 S.W.2d 459 (1986), took a similar tack, holding that workers' compensation was the remedy, in-

deed the exclusive remedy, when the employee of a subcontractor was seeking to pursue a common law claim against the owner/builder.

 It is inherently difficult, if not impossible, to draw any line defining "operating premises" for purposes of the "on premises" modification of the "going and coming" rule short of the property line that separates public from private use. As a general rule, once the employee of a contractor, whether independent or subcontractor, has crossed the threshold onto the private property upon which the job site is located where his employer is providing services, he should be considered exposed to the risks because of his employment and entitled to coverage under the "on premises" modification of the "going and coming" rule. However, we recognize that the location or position where the accident occurs is just one factor to be considered in deciding whether a person who has not yet reported to work should be covered by the workers' compensation law. While the employee is still in a "going and coming" status the *Ratliff* case requires the cause of the injury to also be considered, and this may outweigh the importance of the place of the injury if the cause of the injury represents a significant deviation from normal activity involved in going and coming.

There is no such deviation here. The employee's work assignment placed him where he was exposed to the injury for which he seeks compensation, and he could not have been there otherwise. This constitutes a "work-related" injury.

The decision of the Court of Appeals is reversed and the case remanded to the Workers' Compensation Board for further proceedings consistent with this Opinion.

COMBS, GANT, LAMBERT and VANCE, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which WINTERSHEIMER, J., joins.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

I believe the majority opinion impermissibly expands the "operating premises" rule set out in *K–Mart Discount Stores v. Schroeder*, Ky., 623 S.W.2d 900 (1981). In *K–Mart*, this Court set out factors that are conditions precedent to fixing liability on the employer: 1) the employer must control the area, and 2) a work-related injury must have been sustained on the area. In the case at bar, as in *K–Mart*, missing from the liability equation is the control factor. The uncontested facts show that the sidewalk where the fall occurred was owned, maintained, and completely and exclusively controlled by the T.V.A., not the employer. The employer had no right to correct any defects to reduce the hazard to its employees. Therefore, it is an unfair result to hold the employer liable for the injuries in this case.

WINTERSHEIMER, J., joins this dissenting opinion.