Elizabeth A. PIERSON, Appellant,

v.

LEXINGTON PUBLIC LIBRARY; Director of Special Fund; Donald G. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 98–SC–510–WC.

Supreme Court of Kentucky.

March 25, 1999.

Publication Ordered March 25, 1999.

Hon. Diana L. Beard, Lexington, for Appellant.

Hon. W. Kenneth Nevitt, Hon. Carole Meller Pearlman, Hon. Craig L. Johnson, Williams & Wagoner, Louisville, for Appellee, Lexington Public Library.

Hon. David W. Barr, Labor Cabinet—Special Fund, Louisville, for Appellee, Director of Special Fund.

## OPINION OF THE COURT

This appeal concerns whether there was substantial evidence to support a finding that the claimant's injuries occurred on the operating premises of her employer and, therefore, were subject to the provisions of the Workers' Compensation Act.

Claimant was employed at the main branch of the Lexington Public Library. The Library leased approximately 144 parking spaces for staff and patrons from the owner of a parking garage which is located adjacent to the Library but is a separate structure. Employees were requested to park on the seventh floor of the garage, although particular spaces were not reserved for their use. They were required to descend to the first floor in order to enter the Library.

On January 12, 1994, claimant was returning from lunch when the elevator dropped as she was exiting and caused her to injure her left knee and elbow. She was immediately taken to the University of Kentucky Hospital where x-rays of the elbow revealed an acute fracture of the radial head superimposed over an old healing fracture. The knee injury was diagnosed as a smashed prepatellar bursa which involved anterior soft tissue swelling with lateral subluxation of the patella. Claimant missed work from January 13, 1994, through January 24, 1994. She filed a claim for workers' compensation benefits, alleging that she was on her employer's operating premises when the injury occurred and that the injury occurred within the course and scope of the employment.

The employer resisted the claim. Its argument emphasized that an employer cannot control the common risks of the street and that an injury that occurs while a worker is going to or coming home from work is not

compensable. The employer asserted that it did not own or operate the parking garage and that the parking garage was not a part of its operating premises.

Although recognizing that the facts were not identical to any case which involved an exception to the going and coming rule, the ALJ determined that claimant was in the garage because that was where her employer provided free parking; therefore, the accident occurred on the employer's operating premises. For that reason, the ALJ concluded that the resulting injuries were compensable. See *Hayes v. Gibson Hart Co.*, Ky., 789 S.W.2d 775 (1990). Based upon the medical evidence, the Special Fund was dismissed as a party, and the employer was ordered to pay the entire award. Relying upon KRS 342.040, the ALJ concluded that claimant was not entitled to temporary total disability (TTD) benefits because she missed less than two weeks of work at any one time due to her injuries and did not make a specific finding concerning the duration of a period of TTD. Benefits for a 15% permanent, partial disability were ordered to begin as of January 13, 1994, the day following the injury.

The ALJ's conclusion that the injuries were compensable because they occurred on the employer's operating premises was reversed by the Workers' Compensation Board (Board). In doing so, the Board relied upon *K–Mart Discount Stores v. Schroeder*, Ky., 623 S.W.2d 900 (1981). Because the Board concluded that the injuries were not compensable, the question of TTD was not addressed. The Court of Appeals affirmed the Board, and claimant appeals.

█ Workers' compensation legislation was not intended to protect workers against the risks of the street. Larson, *Larson's Workers' Compensation Law*, § 15.11. As a general rule, injuries which occur while an employee is on the way to or from the worksite are not compensable. This principle is commonly known as the "going and coming" rule. *Harlan Collieries v. Shell*, Ky., 239 S.W.2d 923 (1951). However, an employer is responsible for work-related injuries that occur on its entire "operating premises" and not just at the injured worker's worksite. *Ratliff v. Epling*, Ky., 401 S.W.2d 43 (1966).

Whether a particular area comes within an employer's operating premises depends on the facts and circumstances of the case. *Hayes v. Gibson Hart Co.; K–Mart Discount Stores v. Schroeder; Harlan Appalachian Regional Hospital v. Taylor*, Ky., 424 S.W.2d 580 (1968); *Smith v. Klarer*, Ky., 405 S.W.2d 736 (1966). Of particular concern in making that determination is the extent to which the employer could control the risks associated with the area where the injury occurred.

█ The facts presented by this case are not controlled by *Hayes v. Gibson Hart Co.* More accurately, they fall somewhere between those present in *K–Mart Discount Stores v. Schroeder* and in *Harlan Appalachian Regional Hospital v. Taylor*. The Library did not own, operate, or maintain the parking structure, and it was used by the general public as well as the Library. However, the evidence also indicates that the Library leased approximately 144 spaces in the structure, certainly making it a major customer with some degree of influence over the owner. Furthermore, the Library influenced claimant's decision over where to park by providing her with free parking in that particular garage as part of its employee benefit package. If claimant had chosen to park elsewhere in downtown Lexington, she would have been required to pay the cost of parking herself. Under those circumstances, we are persuaded that there were sufficient indicia of employer control to support the ALJ's conclusion that the Library should be responsible for the effects of an injury to an employee which occurred in the garage. The Board and the Court of Appeals impermissibly reweighed the evidence in reaching a different conclusion. KRS 342.285(2).

The ALJ determined that a worker must miss at least 14 days of work before becoming entitled to TTD benefits and, therefore, concluded that claimant was not entitled to an award of TTD since she had missed only 12 days. Presumably for that reason, there was no specific finding concerning whether claimant was totally disabled during the entire 12 days that she missed work. Claimant argues that a worker becomes entitled to TTD benefits after missing work for 7 days but that after 14 days have been missed,

benefits for the initial 7 days of disability are authorized. Consistent with this interpretation, she asserts that she is entitled to 5 days of TTD benefits, plus the accrued interest.

The employer relies upon *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685 (1992), in arguing that the decision of the Court of Appeals should be affirmed. Like the Board and the Court of Appeals, it has not addressed this argument.

 KRS 342.040(1) provides, in pertinent part, as follows:

> ... no income benefits shall be payable for the first seven (7) days of disability unless disability continues for a period of more than two (2) weeks, in which case income benefits shall be allowed from the first day of disability. All income benefits shall be payable on the regular payday of the employer, commencing with the first regular payday after seven (7) days after the injury or disability resulting from an occupational disease, with interest at the rate of twelve percent (12%) per annum on each installment from the time it is due until paid....

Clearly, this provision prohibits the payment of income benefits for the first 7 days of disability unless the disability continues for more than 2 weeks (14 days). KRS 342.040(1) does not prohibit the payment of income benefits for the extent to which the disability extends beyond the 7th day; therefore, by implication, the payment of benefits beginning on the 8th day of disability is authorized. We note that this provision is consistent with the principles of compensating workers who are injured at work but of encouraging less seriously injured workers to return to work as quickly as they are able. However, in view of the finding that claimant sustained a residual permanent, partial disability, we are not persuaded that the prohibition applies to these facts. KRS 342.040(1) refers only to "disability" and does not distinguish between temporary and permanent disability. Here, claimant was disabled, albeit to different degrees, from the moment of her injuries; therefore, because claimant's disability extended beyond 14 days, she was entitled to income benefits from the onset of disability.

The decision of the Court of Appeals is reversed. The claim is hereby remanded to the ALJ for a specific finding concerning the actual duration of TTD and for the entry of an award of TTD which conforms to that finding, followed by the permanent, partial disability award.

LAMBERT, C.J., and GRAVES, STEPHENS, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., dissents by separate opinion in which JOHNSTONE, J., joins.

COOPER, Justice, dissenting.

In *K–Mart Discount Stores v. Schroeder*, Ky., 623 S.W.2d 900 (1981), the employee was injured when she stepped in a hole in a shopping center parking lot while walking from her car to her place of employment. In holding that the injury did not fall within the "operating premises" exception to the "going and coming rule," we stated:

> Two factors must be present to fix liability on the employer. First of all, the employer must control the area, and second, a work-related injury must have been sustained on the area....

> The outcome of the subject action may have been altogether different had Schroeder been an employee of the shopping center. That, however, is not the case, and we are not constrained to further construe the workers' compensation law so liberally as to lose all sense of proportions, which we would be doing if we permitted an award to be made to Schroeder under the proven facts. The proven facts clearly and unequivocally show that Schroeder's injury did not happen on K–Mart's operating premises.

*Id.* at 902–03.

In *Hayes v. Gibson Hart Co.*, Ky., 789 S.W.2d 775 (1990), the employee was working for a contractor performing services at a job site within a plant owned by the contractor's employer, T.V.A. The employee was injured when he stumbled over a "gob of concrete" while traversing a sidewalk after entering T.V.A.'s gate but before reaching the contractor's job site. In reversing a finding of

no coverage, we extended the "operating premises" exception to include private property within which is located the job site where the employer is providing services. "Hayes not only *would not* have been where the injury occurred, he *could not* have been there, but for his employment." *Id.* at 777. Chief Justice Stephens dissented in an opinion joined by Justice Wintersheimer:

> The uncontested facts show that the sidewalk where the fall occurred was owned, maintained, and completely and exclusively controlled by the T.V.A., not the employer. The employer had no right to correct any defects to reduce the hazard to its employees. Therefore, it is an unfair result to hold the employer liable for the injuries in this case.

*Id.* at 779.

In the case *sub judice,* the employee was injured while still on the premises of a privately owned parking structure, indeed, inside an elevator owned and maintained by, and exclusively under the control of, the owner of the parking structure. As in *K–Mart, supra,* and unlike *Hayes, supra,* she was "in transit on streets, sidewalks and parking lots where the public shares access," *Id.* at 777, when the accident occurred. Contrary to the essential premise of the majority opinion, there is no evidence that the Lexington Public Library had any control over the maintenance or operation of the parking structure or its elevator. Under no stretch of the imagination could Pierson be found to have sustained her injury while on the library's "operating premises."[1] In my view, the facts of this case are conceptually indistinguishable from those in *K–Mart, supra.*

Accordingly, I would affirm the Board and the Court of Appeals.

JOHNSTONE, J., joins this dissent.

---

1. Nor does the "positional risk" exception to the "going and coming rule" apply, since Pierson was not on a work assignment when the accident occurred. *Compare Corken v. Corken Steel Products, Inc.,* Ky., 385 S.W.2d 949 (1964).