**WARRIOR COAL COMPANY, LLC, Appellant,**

v.

**Billie STROUD; Hon. Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2003–SC–0988–WC.

Supreme Court of Kentucky.

Dec. 16, 2004.

John C. Morton, Allison Bowers Rust, Morton & Bach, Henderson, Counsel for Appellant.

Jerry P. Rhoads, Madisonville, Counsel for Appellee.

## OPINION OF THE COURT

The claimant was injured after he fell asleep at the wheel on his way to work. The accident occurred on a private access road to the defendant-employer's coal mine, inside a gate. Applying the "operating premises" exception to the "going and coming" rule, an Administrative Law Judge (ALJ) determined that the injury was work-related, and the decision was affirmed by the Workers' Compensation Board (Board) and the Court of Appeals. The employer maintains that the application of the operating premises exception on these facts was erroneous, that the claimant's injuries were not proximately caused by the employment, and that falling asleep was a substantial deviation from the employment. We affirm.

The claimant was born in 1957 and worked primarily as a mechanic or electrician in the mining industry. In 1998, the defendant-employer hired him to work as an electrician in its Cardinal Mine. The claimant was injured on March 29, 2001, while driving his personal vehicle to work. He asserted that the incident was work-related.

The accident occurred on a 1½-mile gravel access road that connected a county road with the parking lot used by mine employees. There was no evidence that the access road served any other purpose. Both the access road and parking lot were located on property that the employer leased and maintained, and both were used solely by employees. Shortly after the turn-off from the county road, a sign that was posted beside the access road stated "Private Road—Do Not Enter." A gate that could be closed across the access road, impeding access to the parking lot, bore a sign that read, "Warrior Coal, L.L.C., Cardinal Mine." Although there was evidence that the gate may have been closed and locked on weekends, it was usually left open. Adjacent to the parking lot was the bathhouse facility, where workers changed their clothes, received assignments, and boarded a bus that took them to the mine entrance. On March 29, 2001, shortly after passing the gate on his way to report for the third shift, the claimant fell asleep at the wheel and failed to negotiate a curve. His vehicle went off the road and struck several trees before stopping in a ditch. He alleged a disabling neck injury.

The ALJ analyzed the evidence under the "operating premises" exception to the "going and coming" rule, stating as follows:

> The coal company made it clear by fences and signs that once a vehicle leaves the public highway it is on private/coal company property. This is not a worn path but a gravel road built and maintained by the employer. Once the plaintiff's vehicle was off the public highway he left the domain of negligence and operating in the general public. He was no longer going to work[;] he was under the domain of his employer. The [employer] had the property rights and in fact exercised total control over the premises in question. This is supported by testimony from its own engineer, Mr. Kelly. These issues are fact specific, and under the facts in question, the evidence supports the conclusion that Mr. Stroud's accident was work-related.

■ Chapter 342 requires that an injury must arise out of and in the course of employment to be compensable. *See* KRS 342.0011(1). In other words, it must be

work-related. Although a worker's negligence may result in decreased benefits under KRS 342.165, it is not a factor in determining whether an injury is work-related. Nor is the fact that the worker has private insurance.

 The perils encountered during travel to and from work are no different from those encountered by the general public and are neither occupational nor industrial hazards. Therefore, under a principle known as the "going and coming rule," injuries that occur during travel to and from work generally are not compensable. *Harlan Collieries v. Shell*, Ky., 239 S.W.2d 923 (1951). An exception to the rule permits compensation if an injury occurs on the employer's "operating premises." *Ratliff v. Epling*, Ky., 401 S.W.2d 43 (1966). The theory for the exception is that coverage should apply when an injury arises from a peril that is related to the employment, regardless of whether it occurs at the actual worksite. Consistent with the theory, an injury that occurs while the worker is on a personal mission that substantially deviates from the employment is not viewed as being work-related even if it occurs on the employer's operating premises. *Id.* In other words, although a worker is viewed as being exposed to the risks of his employment when he crosses the threshold onto private property where the job site is located, the cause of his injury must be considered as well as the place. *Hayes v. Gibson Hart Co.*, Ky., 789 S.W.2d 775, 779 (1990). The cause of the injury may outweigh the place if it represents a significant deviation from normal coming and going activity at that place. *Id.* But an injury is compensable if the worker is engaged in normal coming and going activity at the time it occurs and has access to the place where it occurs because of his employment. *Id.*

It was apparent that the claimant was on the employer's private property when he was injured although the gate through which he passed was neither locked nor guarded. The access road led only to the parking lot/bathhouse area, and there was no evidence that the claimant was on a personal mission when the accident occurred. It occurred shortly before his shift began, while he was making his way towards the parking lot/bathhouse area for the purpose of reporting to work. We are not persuaded that falling asleep at the wheel was a substantial deviation from doing so. Under the circumstances, the ALJ did not err in concluding that any injury that resulted was work-related.

The decision of the Court of Appeals is affirmed.

All concur.