## JACKSON PURCHASE MEDICAL ASSOCIATES, Appellant

v.

## Sarah CROSSETT; Honorable Richard M. Joiner, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2012–SC–000436–WC.

Supreme Court of Kentucky.

Aug. 29, 2013.

Rehearing Denied Nov. 21, 2013.

Denis S. Kline, for appellant, Jackson Purchase Medical Associates.

David Craig Troutman, for appellee, Sarah Crossett.

## OPINION OF THE COURT

Appellant, Jackson Purchase Medical Associates ("JPMA"), appeals from a decision of the Court of Appeals which held that it was liable to pay workers' compensation to Appellee, Sarah Crossett. JPMA's sole argument is that the Court of Appeals misapplied the "operating premis-es" exception to the "going and coming" rule to find that Crossett was within a common area of her employer when she slipped and fell. For the reasons set forth below, we affirm the Court of Appeals.

JPMA leases space within the Lourdes Medical Pavilion in Paducah. The Lourdes Medical Pavilion is an office complex that houses a variety of medical offices. A breezeway connects the main building with a smaller building that houses an MRI facility. All of the buildings at the complex are bordered by sidewalks and a large parking lot. The parking lot includes 530 parking spaces, some of which are specifically marked to only be used by individuals who work at the medical complex. The lease between JPMA and the Lourdes Medical Pavilion states that maintenance of the common areas, including the sidewalks, is the landlord's responsibility.

Crossett is employed by JPMA as a billing representative. On the date of her injury, Crossett parked her car in a space designated as an "employee" space and walked along the sidewalk which ran to the main entrance of the complex. Before she reached the main entrance of the facility, which would take her to her office, Crossett slipped and fell in snow that had accumulated outside of the MRI building. Crossett injured her ankle and filed for workers' compensation. JPMA disputed her claim, arguing that the injury did not occur on its operating premises pursuant to the going and coming rule. The going and coming rule generally provides that injuries which occur while an employee is on the way to or from a worksite are not compensable. *Harlan Collieries v. Shell,* 239 S.W.2d 923 (Ky.1951).

Following a hearing, the Administrative Law Judge ("ALJ") rendered an opinion and award finding Crossett's injury was compensable because it occurred within

the scope of her employment. The ALJ noted that Crossett parked in a designated space and subsequently fell in a common area of the facility. On a petition for reconsideration, the ALJ made a finding that Crossett fell within the operating premises of JPMA. The Board and Court of Appeals affirmed the ALJ's ruling. This appeal followed.

## I. THE ALJ'S DECISION THAT CROSSETT FELL WITHIN THE OPERATING PREMISES OF JPMA WAS SUPPORTED BY SUBSTANTIAL EVIDENCE

■ JPMA argues that the ALJ erred by concluding that the sidewalk where Crossett fell is within its operating premises. Specifically, JPMA contends that it had no control over the clearing of ice and snow from the parking lots or sidewalks surrounding the office buildings and that the application of the operating premises exception to the going and coming rule was erroneous. Because Crossett was successful before the ALJ, the question is whether substantial evidence supported the ALJ's decision. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky.App. 1984).

■ In *Pierson v. Lexington Public Library*, 987 S.W.2d 316, 318 (Ky.1999), this Court provided the following explanation of the going and coming rule:

[w]orkers' compensation legislation was not intended to protect workers against the risks of the street. Larson, *Larson's Workers' Compensation Law*, § 15.11. As a general rule, injuries which occur while an employee is on the way to or from the worksite are not compensable. This principle is commonly known as the 'going and coming' rule. *Harlan Collieries v. Shell*, 239 S.W.2d 923 (Ky.1951). However, an employer is responsible for work-related injuries that occur on its entire 'operating premises' and not just at the injured worker's worksite. *Ratliff v. Epling*, 401 S.W.2d 43 (Ky.1966). Whether a particular area comes within an employer's operating premises depends on the facts and circumstances of the case. *Hayes v. Gibson Hart Co.*, 789 S.W.2d 775 (Ky.1990); *K–Mart Discount Stores v. Schroeder*, 623 S.W.2d 900 (Ky.1981); *Harlan Appalachian Regional Hospital v. Taylor*, 424 S.W.2d 580 (Ky.1968); *Smith v. Klarer*, 405 S.W.2d 736 (Ky.1966). Of particular concern in making that determination is the extent to which the employer could control the risks associated with the area where the injury occurred.

To attach liability to an employer based on the operating premises exception, "[t]wo factors must be present ... First of all, the employer must control the area, and second, a work-related injury must have been sustained on the area." *K–Mart Discount Stores v. Schroeder*, 623 S.W.2d 900, 902 (Ky.1981).

In this matter, the ALJ reviewed the evidence provided and concluded that Crossett was injured while on JPMA's operating premises. Our review of the record indicates that his findings are supported by substantial evidence. We also find that the ALJ's conclusion is supported by the law.

This matter provides a fact pattern very similar to that found in *Pierson*. In *Pierson*, the claimant was injured while exiting an elevator in a parking garage which was not owned or maintained by her employer. However, the claimant's employer instructed her to park in certain designated spaces which it leased in the garage. Because the employer leased the parking spaces from the garage operator and presumably could pressure the garage operator to keep the facility in a safe condition, *Pierson* held that there was "sufficient indicia of em-

ployer control to support the ... conclusion that the [employer] should be responsible for the effects of an injury to an employee which occurred in the garage." 987 S.W.2d at 318. Since the claimant was utilizing a reasonable means to walk from her parking space to her employer when she fell, she was entitled to workers' compensation benefits.

Crossett was also walking from a parking area which was designated for employee parking[1] toward her place of employment when she suffered her injury. JPMA could assert the same type of control over the parking area, as the employer could in *Pierson*, based on their lease agreement. Since Crossett was not taking an unreasonable path between her car and her office, she is entitled to workers' compensation benefits for her injury. *Schroeder*, 623 S.W.2d at 902. We note that other jurisdictions also hold that a worker traveling between a parking lot not owned by his employer and his place of employment may be compensated for an injury occurring on the trip. *See Woodruff World Travel, Inc. v. Industrial Comm'n*, 38 Colo.App. 92, 554 P.2d 705 (1976) (holding that claimant was entitled to workers' compensation because he was injured in a parking lot which was leased by his employer); *P.B. Bell & Assocs. v. Industrial Comm'n of Arizona*, 142 Ariz. 501, 690 P.2d 802 (App.1984)(holding that an injury occurring in a parking lot which was leased, but not controlled by an employer, was compensable because the employer instructed its employees to park in that lot); *Larson's Workers' Compensation Law*, § 13.04[2][c] (2013) (stating that the number of jurisdictions which do not find employee parking lot slip and falls compensable is dwindling).

JPMA urges us to find that the facts in this case are identical to those in *Schroeder*, 623 S.W.2d at 900. In *Schroeder*, an employee of a discount store was injured by stepping into a hole in a parking lot which was not controlled or maintained by the store. The majority in *Schroeder* held that since the store was not in control of the parking lot, the operating premises exception to the coming and going rule did not apply. *Id.* at 902. However, unlike the facts in the present matter, the claimant in *Schroeder* did not park in an area of the parking lot designated for employees. Instead, because the employee section of the parking lot was full, she parked in an area normally reserved for customers. In contrast, Crossett parked in an area of Lourdes Medical Pavilion's parking lot reserved for employees as she was instructed to do. She is entitled to workers' compensation for her injury. *Pierson*, 987 S.W.2d at 319.

For the reasons set forth above, we affirm the Court of Appeals.

All sitting. All concur.

---

1. "Exhibit 'E' Rules and Regulations" of the lease between JPMA and the owner of Lourdes Medical Pavilion provides the following provision: "11) Parking. Unless otherwise specified by Landlord, Tenant and its employees may park automobiles only in spaces designated by Landlord for such purpose and shall in no event park in spaces reserved for public parking. Tenant agrees that Landlord assumes no responsibility of any kind whatsoever in reference to such automobile parking area or the use thereof by Tenant or its agents or employees."