**AMERICAN GREETINGS CORPORATION,**
Appellant,

v.

Sheila BUNCH; Honorable Joseph W. Justice, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2010–SC–000179–WC.

Supreme Court of Kentucky.

Aug. 26, 2010.

George T. Kitchen, III, U'Sellis & Kitchen, PSC, Louisville, KY, Counsel for Appellant, American Greetings Corporation.

Jason Scott Matuskiewicz, Frank Jenkins Law Office, Lexington, KY, Counsel for Appellee, Sheila Bunch.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits, having concluded that a knee injury sustained while participating in a workplace charity fundraiser did not occur within the course and scope of her employment. The Workers' Compensation Board reversed the decision on the ground that the ALJ misapplied the law to the facts and that the evidence compelled a favorable finding when the law was applied correctly. The Court of Appeals found no error and affirmed.

The employer appeals, asserting that the Board applied an incorrect standard of review; that substantial evidence supported the ALJ's finding of fact; and that the finding should not have been reversed because it was not clearly erroneous. We disagree and affirm. Although KRS 342.285(1) designates the ALJ as the fact-finder in workers' compensation claims, KRS 342.285(2)(c) and (d) permit the Board to reverse a decision produced by a misapplication of the law to the facts. The ALJ misapplied the law and, thus, concluded erroneously from the facts that the claimant's injury did not occur within the course and scope of her employment.

The claimant's employer sponsored an annual, month-long fundraising campaign for the United Way in October 2007 as it had done for the past fifteen years. Participation by employees was completely voluntary and there were no repercussions for failing to participate. Employees organized the campaign, performing some organizational activities during work hours and some while off the clock. They posted flyers and sign-up sheets on company bulletin boards. They also conducted several fundraising events in which employees participated, some of which were held on the employer's premises during work hours. The employer donated small prizes

to be awarded at various events and paid workers who attended a one-hour presentation, held on the premises, the purpose of which was to encourage participation in fundraising events. Moreover, the employer deducted contributions from the paychecks of employees who opted to do so. The employees raised nearly $60,000 in 2007 to which the employer added a $15,000 contribution.

The claimant injured her knee in October 2007 while participating in a relay race, a United Way fundraising event that was held in the company cafeteria during her unpaid lunch hour. The injury occurred when she slipped and fell on one of the streamers used to mark lanes for the racers. The record is unclear whether the employer or the cleaning crew requested the lanes to be marked with streamers rather than with tape, which had been used in the past but left marks on the floor.

The employer denied the claimant's application for benefits, asserting that her participation in the relay race did not occur within the course and scope of her employment. The ALJ agreed, convinced that the evidence failed to meet any of the tests applied to employee recreational activities in *Smart v. Georgetown Community Hospital.*[1] The ALJ decided on that basis that the claimant's injury was not work-related.

The employer complains that the Board applied an incorrect standard of review to the ALJ's decision and reversed based on a reweighing of the evidence rather than a legal error in the ALJ's application of the test set forth in *Smart.* We disagree.

An injured worker bears the burden of proof and risk of non-persuasion with regard to every element of a claim.[2] KRS 342.285(1) provides that the ALJ's decision is "conclusive and binding as to all questions of fact," which gives the ALJ the sole discretion to determine the quality, character, and substance of evidence.[3] An ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof.[4] The mere existence of evidence that would have supported a different decision is an inadequate ground for reversal on appeal.[5]

Although KRS 342.285(2) prohibits the Board from substituting its judgment for the ALJ's "as to the weight of evidence on questions of fact," KRS 342.285(c) and (d) include within the scope of the Board's review the authority to determine whether the ALJ's decision conforms to the provisions of Chapter 342 and whether it is "clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record." These provisions allow the Board to determine whether the ALJ committed an error in applying the law to the facts, such as by misapplying or failing to consider an applicable statute or legal

1. 170 S.W.3d 370 (Ky.2005). *See also Jackson v. Cowden Manufacturing Company,* 578 S.W.2d 259 (Ky.App.1978) in which the court adopted a modified version of the test set forth in A. Larson, WORKMEN'S COMPENSATION LAW, § 22 (1978). The modified test that the Court of Appeals used in *Jackson* is the same test that the Supreme Court adopted in *Smart.*

2. *Roark v. Alva Coal Corporation,* 371 S.W.2d 856 (Ky.1963); *Wolf Creek Collieries v. Crum,* 673 S.W.2d 735 (Ky.App.1984); *Snawder v. Stice,* 576 S.W.2d 276 (Ky.App.1979).

3. *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418 (Ky.1985).

4. *Caudill v. Maloney's Discount Stores,* 560 S.W.2d 15, 16 (Ky.1977).

5. *McCloud v. Beth–Elkhorn Corp.,* 514 S.W.2d 46 (Ky.1974).

theory or by rendering a decision that the evidence does not support. KRS 342.290 limits the scope of review by the Court of Appeals to that of the Board and also to errors of law arising before the Board.

If the Board concludes under KRS 342.285(c) that the ALJ applied Chapter 342 correctly, the Board may determine under KRS 342.285(d) whether substantial evidence supports a decision favoring the claimant or whether the favorable evidence is so overwhelming as to have compelled a finding for the claimant.[6] If the Board concludes that the ALJ misapplied Chapter 342, the Board may determine that the claim must be remanded for additional findings or determine that the evidence compels a particular finding when Chapter 342 is applied correctly, in which case a remand is unnecessary.

The employer complains that the Board "did not find that the ALJ had misconstrued any facts; nor did the Board find that the ALJ had applied the incorrect law." Moreover, the Board "appeared to fully acknowledge that the ALJ cited material facts" and "applied the appropriate case law" when reaching a conclusion. We disagree with this characterization of the Board's decision because it is not entirely accurate.

■■ The Board found no error insofar as the ALJ relied on the tests set forth in *Smart* but determined that the ALJ misapplied two of the tests and failed to base the ultimate finding (*i.e.*, legal conclusion) on the evidence that the tests considered to be probative and material to the issue of work-relatedness. *Smart* established four independent tests to determine whether an injury that occurs during a recreational activity comes within the course and scope of the employment (*i.e.*, is work-related).

*Smart* indicates that an injury occurring during a recreational activity may be viewed as being work-related if:

1. It occurs on the premises, during a lunch or recreational period, as a regular incident of the employment; or

2. The employer brings the activity within the orbit of the employment by expressly or impliedly requiring participation or by making the activity part of the service of the employee; or

3. The employer derives substantial direct benefit from the activity beyond the intangible benefit of an improvement in employee health and morale that is common to all kinds of recreation and social life; or

4. The employer exerts sufficient control over the activity to bring it within the orbit of the employment.

No single factor should receive conclusive weight when deciding whether an injury is work-related.[7]

In *Smart* the employee's injury occurred during a picnic for hospital employees, which was held off the employer's premises and outside Ms. Smart's normal working hours. Although the employer strongly encouraged employees to attend the function, Smart did not think she was required to attend. Any benefit to the employer consisted of improving employee morale, which was intangible. Moreover, the pickup volleyball game in which she was injured was neither organized nor controlled by the employer and Smart's participation was purely voluntary. Reaffirming the ALJ's decision, the court determined that such evidence did not compel a finding that an injury sustained in

---

6. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky.1986).

7. *Hayes v. Gibson Hart Co.*, 789 S.W.2d 775, 777 (Ky.1990).

the volleyball game occurred within the course and scope of Smart's employment.

■ The ALJ determined in the present case that "the only section of the test under which the [relay race] could conceivably fall is Paragraph 1." The ALJ acknowledged that the activity took place in the cafeteria, during meal break, while employees were off work but considered it "a tremendous stretch" to view "yearly voluntary participation in a charitable event" to be a regular incident of employment. Convinced that the activity also did not come within the second, third, or fourth paragraphs of the test set forth in *Smart*, the ALJ found "not a shred of evidence" that the employer required participation in United Way fundraising activities, noting that only 39 of 700 employees participated in the relay event and that the claimant did not attend the one-hour United Way presentation. The ALJ also found no evidence that the employer derived any benefit from the activity except by "being a good corporate citizen in allowing the use of its facility" and "[allowing] its employees to fulfill their sense of community responsibility."

Unlike *Smart* this case concerns an injury that occurred on the employer's premises, during normal working hours, during the claimant's lunch hour. Thus the injury would be compensable under the first test listed in *Smart* if the activity during which it occurred was "a regular incident of the employment." The Board determined that the ALJ took an "overly narrow" view of the evidence and confined the analysis to the specific event in which the claimant was injured rather than considering the event in context, as part of the annual, month-long fundraising campaign. In other words, the Board determined that the ALJ applied an incorrect legal standard to the evidence and that the evidence compelled a favorable finding when considered under the correct standard. We agree.

An accepted and normal activity conducted on the employer's premises becomes a regular incident of the employment.[8] The relay race in which the claimant was injured took place on the employer's premises and was not an isolated annual charitable event but part of a month-long charitable campaign that the employer allowed employees to conduct in the workplace annually. Such evidence compelled a finding that an activity conducted as part of the campaign was an incident of the employment. The Board did not err by reversing the ALJ's ultimate finding because the reliable, probative, and material evidence of work-relatedness under the test compelled a legal conclusion that the claimant's injury occurred within the course and scope of her employment.

The Board found no error in the ALJ's application of the law with respect to employer compulsion or substantial direct benefit to the employer, the second and third tests.

■ Although the employer maintains that the ALJ found only *de minimus* employer control, the ALJ failed to analyze the evidence explicitly under the fourth test. The Board determined that the evidence compelled a finding of sufficient employer control over the fundraising campaign to bring the claimant's injury within the orbit of the employment. We agree.

The evidence that was reliable, probative, and material with respect to employer

---

8. *See* Arthur Larson and Lex K. Larson, LARSONS WORKERS' COMPENSATION LAW, § 22.03(1) (2009). Although the treatise states the principle with respect to activities that occur during a lunch hour or recreational period, we see no reason that it would not apply to activities conducted in the workplace at other times.

control compelled a finding that the employer exercised sufficient control to bring the claimant's injury within the orbit of her employment. An employer clearly has the right to control all activities that occur on its premises. Although the claimant's employer did not control the United Way fundraising campaign directly, it permitted the campaign to be conducted on its business premises and facilitated the campaign by permitting payroll deduction to be used for contributions; allowing workers to attend a one-hour United Way presentation while on the clock; allowing at least some organizational activities to be performed by workers while on the clock; and allowing events such as the relay race to be conducted on the premises, during the lunch hour.

The decision of the Court of Appeals is affirmed.

All sitting. MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur. SCHRODER, J., dissents without opinion.