# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 26, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-000686-WC

DINA WOOD                                                                     APPELLANT


                        ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2017-CA-001694
              WORKERS' COMPENSATION BOARD NO. 10-WC-84731


METALSA AUTOMOTIVE USA; DANA                                APPELLEES
CORPORATION; HON. ROBERT L.
SWISHER, FORMER CHIEF
ADMINISTRATIVE LAW JUDGE; HON.
DOUGLAS W. GOTT, CHIEF
ADMINISTRATIVE LAW JUDGE
AND WORKERS' COMPENSATION BOARD


### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Dina Wood appeals the Court of Appeals' decision affirming the dismissal

of her complaint against her current employer, Metalsa. Dana Corporation,

Wood's former employer, was also a defendant in this case when filed in this

Court. Subsequent to the filing of Wood's appellant brief, Wood and Dana

reached a settlement and Dana was dismissed from further proceedings. Thus,

we will only review the single issue of whether the Administrative Law Judge's

("ALJ") dismissal of Metalsa was supported by substantial evidence. We find

no error in the ALJ's decision and affirm Metalsa's dismissal.

### I.   Factual and Procedural Background.

1

Wood began employment with Dana in 1996. She worked on the assembly line as a welder until 2005.[1] Wood began experiencing symptoms in her hands, arms, and neck in 2003. She originally reported her injury to Dana and was paid benefits on the claim. In 2006, Wood began a new job in the store room, and her symptoms improved. However, in 2008, she returned to her job on the assembly line and her symptoms returned. In March 2010, Metalsa purchased the plant where Wood worked. While her symptoms never increased, they also never quite went away, and on October 22, 2012, Wood had surgery. Wood's surgery was successful, and she returned to work with no restrictions in 2013. She has had no further surgery and stopped receiving additional treatment in 2014. Wood subsequently filed a claim for benefits against both Dana and Metalsa listing, in pertinent part, October 22, 2012, as a date an "injury" occurred.

On March 30, 2017, the ALJ dismissed Wood's application for benefits. The ALJ relied upon the examination conducted by Dr. Thomas Gabriel, who determined that the October 22, 2012, date was merely the date of Wood's surgery, not the date of an injury. As it relates to Wood's claims against Metalsa, the Board affirmed the ALJ's decision regarding the alleged October 22, 2012, "injury." Wood appealed, and the Court of Appeals affirmed. Wood next appealed the decision to this Court and filed her appellant brief. The appeal was abated in April 2019, pending consideration of a settlement agreement between Dana and Wood. Dana filed a motion for dismissal which

_____

[1] Most of the extensive factual background in Wood's brief relates to the two issues no longer before this Court due to Dana's dismissal. Thus, we discuss the facts solely surrounding Wood's claim that her October 22, 2012, surgery constitutes an "injury" and entitles her to benefits paid by Metalsa.

2

was unopposed, and Dana was dismissed in July 2019. Metalsa subsequently filed its appellee brief contesting the single issue remaining: whether Wood's October 22, 2012, surgery constituted an injury, thus establishing liability upon Metalsa.

## II. Standard of Review.

In *Active Care Chiropractic, Inc. v. Rudd*, 556 S.W.3d 561 (Ky. 2018), we reiterated the proper standard of review for workers' compensation decisions.

> We review statutory interpretation *de novo*. The well-established standard for reviewing a workers' compensation decision is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. Finally, review by this Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*Id.* at 564 (internal quotations and citations omitted).

## III. Analysis.

While difficult at times to understand Wood's argument against Metalsa—an issue referred to by both the Court of Appeals and the Board—Wood appears to argue that the ALJ erred in concluding that no injury occurred on October 22, 2012.

> An injured worker bears the burden of proof and risk of non-persuasion with regard to every element of a claim. KRS 342.285(1) provides that the ALJ's decision is "conclusive and binding as to all questions of fact," which gives the ALJ the sole discretion to determine the quality, character, and substance of evidence. An ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. The mere existence of evidence that would have supported a different decision is an inadequate ground for reversal on appeal.

3

*Am. Greetings Corp. v. Bunch*, 331 S.W.3d 600, 602 (Ky. 2010) (internal footnotes omitted).

Wood must prove that an injury occurred on October 22, 2012. If Wood had a manifestation of an injury on that date, she may be entitled to benefits paid by Metalsa, as she was working for Metalsa at the time. The ALJ relied on the examination of Dr. Gabriel, who determined that Wood's injuries were caused sometime between 1996 and March 2010, while she was working for Dana and "no additional harmful change" occurred following the purchase of the plant by Metalsa. The only alleged action that occurred on October 22, 2012, was Wood's successful surgery. Wood makes no effort to explain why a successful surgery should be considered an "injury" which would start a new two-year statute of limitations for filing workers' compensation benefits. Instead, Wood argues that surgery was a "further manifestation" of her injury which required follow-up treatment. In support of her argument, she summarily lists two cases and states that under those cases, "[c]laimant unequivocally proved that there was some disability that occurred between October 22, 2012, the manifestation date, and September 9, 2014 when the Form 101 was found."

While Wood may be correct that she received treatment post-surgery, she does not cite to, and this Court is unaware of, any case holding that a successful surgery constitutes an injury. Furthermore, Wood's surgery resulted from her work at Dana, and had been a treatment option since 2005. If a successful surgery constituted an "injury" under our Workers' Compensation Act, employers would have no incentive to assist their employees in obtaining surgery as a course of treatment because a successful surgery would only serve

4

to establish further liability upon the employer. Thus, we do not elect to create new precedent giving credence to this novel argument.

## IV. Conclusion.

The ALJ relied on Dr. Gabriel's assessment that no additional harmful change or injury occurred while Wood was employed by Metalsa. This constituted substantial evidence supporting dismissal of Metalsa. Accordingly, we affirm.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Wayne C. Daub


COUNSEL FOR APPELLEE,
METALSA AUTOMOTIVE USA:

Michael P. Neal
Zachary Chase Richards
SEWELL & NEAL PLLC


COUNSEL FOR APPELLEE,
DANA CORPORATION:

Stanley Shields Dawson
FULTON & DEVLIN LLC


COUNSEL FOR APPELLEE, WORKERS' COMPENSATION
BOARD:

Michael Alvey


COUNSEL FOR APPELLEE, HON. ROBERT L. SWISHER,
FORMER CHIEF ADMINISTRATIVE LAW JUDGE:

Not Represented by Counsel

COUNSEL FOR APPELLEE, HON. DOUGLAS W. GOTT,
CHIEF ADMINISTRATIVE LAW JUDGE:

Not Represented by Counsel